David S. Brown et al., Appellants, *v.* John H. Doscher, Respondent.

Trade Mark — Imitation of Wrapper. An action cannot be maintained to restrain, as an infringement of a trade mark, the use by another of wrappers or forms of packages similar to those used by the plaintiff, where it appears that the brands, marks and names displayed upon each are amply sufficient to distinguish them in the general market and that nothing has been imitated which could legally be appropriated as a trade mark.

Reported below, 73 Hun, 107.

(Argued November 27, 1895; decided December 10, 1895.)

Appeal from judgment of the General Term, of the Supreme Court in the first judicial department, entered upon an order made November 17, 1893, which affirmed a judgment in favor of defendant dismissing the complaint upon the merits entered on a decision of the court on trial at Special Term.

This action was brought to restrain the use by defendant of an alleged infringement of plaintiffs' trade mark and wrapper on soap.

The facts, so far as material, are stated in the opinion.

*Rowland Cox* for appellants. On the face of the wrappers the plaintiffs were entitled to an injunction. (*L. M. Co.* v. *T. M. Co.*, 138 U. S. 537; *Munro* v. *Tousey*, 129 N. Y. 38; *Fischer* v. *Blank*, 138 N. Y. 244; *T. A. Vulcan* v. *Myers*, 139 N. Y. 364; *Von Mumm* v. *Frash*, 56 Fed. Rep. 830; *Coates* v. *M. T. Co.*, 149 U. S. 562; *Reddaway* v. *B. Co.*, L. R. [2 Q. B.] 640; *A. M. Co.* v. *Spear*, 2 Sandf. 599; 138 N. Y. 252; 139 N. Y. 367; *Higgins* v. *H. S. Co.*, 144 N. Y. 462; 32 Fed. Rep. 97; 23 Hun, 632; *Coleman* v. *Crump*, 70 N. Y. 573; *S. Co.* v. *Loog*, L. R. [8 App. Cas.] 18; L. R. [18 Ch. Div.] 612; *Lever* v. *Goodwin*, L. R. [36 Ch. Div.] 1; *Brown* v. *Mercer*, 5 J. & S. 285; *Read* v. *Richardson*, 45 L. T. [N. S.] 54.) The defense of alleged misrepresentation cannot be sustained. (*Fischer* v. *Blank*, 138 N. Y. 244; *Koehler* v. *Sanders*, 122 N. Y. 65; *I. O. T. Co.* v. *Scott*, 33 La. Ann. 76; *Fleischman* v. *Schuckmann*, 52 How. Pr. 96; *Hegeman* v. *Hegeman*, 8 Daly, 22; *Pillsbury* v. *P., etc., Co.*, 64 Fed. Rep. 841; *Siegert* v. *Abbott*, Cox's Manual of T. M. Cas. [2d ed.] 718; 128 U. S. 520.)

*John Henry Hull* for respondent. The plaintiffs came into court with unclean hands. The principle of equity being, "He that hath committed iniquity shall not have equity." (Bispham's Principles of Equity [4th ed.], § 42.) Where a plaintiff seeks the aid and assistance of a court of equity, he must be free from fraud or misrepresentation in the article which is sought to be protected against one who unlawfully

obtained possession of the same and sells it as the genuine. (*L. C. Co.* v. *A. L. C. Co.*, 11 H. L. Cas. 523, 543; *Palmer* v. *Harris*, 60 Penn. St. 156; *Fetridge* v. *Wells*, 4 Abb. Pr. 144; 13 How. Pr. 385; *Morgan* v. *McAdam*, 36 L. J. Ch. 228; 15 L. T. [N. S.] 348; *Patridge* v. *Menk*, 1 How. App. Cas. 547; *Seabury* v. *Grosvenor*, 53 How. Pr. 192; *Heath* v. *Wright*, 3 Wall. Jr. 141; *Hobbs* v. *Francais*, 19 How. Pr. 567; *Laird* v. *Wilder*, 2 Bush [Ky.], 131; *Helmbold* v. *H. T. H. M. Co.*, 53 How. Pr. 453; *Cheavin* v. *Walker*, L. R. [5 Ch. Div.] 850; *Perry* v. *Truefit*, 8 Beav. 66; *Holloway* v. *Holloway*, 13 Beav. 209.) There is no such resemblance in the wrappers as is calculated to deceive even the careless and unwary. (*Harrington* v. *Libby*, 12 Official Gazette, 184; *Gillott* v. *Easterbrook*, 47 Barb. 455; *Faber* v. *Faber*, 3 Abb. [N. S.] 115; *Popham* v. *Cole*, 66 N. Y. 74.)

Bartlett, J. Since 1888 the plaintiffs have manufactured a cheap laundry soap in octagonal cakes, put up in an original wrapper and called "Blizzard Soap."

The defendant manufactured a cheap laundry soap in octagonal cakes, put up in a wrapper and called "Leader Soap."

The plaintiffs insist that the defendant has been guilty of an infringement of their trade mark and wrapper.

The General Term, after an examination of the wrappers and a review of the evidence, agreed with the trial judge that the defendant's wrapper did not so resemble that of the plaintiffs as to deceive the ordinary buyer.

After a careful examination of this record and an inspection of the wrappers and packages submitted by counsel we are of opinion that no infringement was established, and that the complaint was properly dismissed.

The plaintiffs' wrapper consists of the words "Blizzard Soap" in white upon a dark ground, presenting the appearance of letters covered with snow, while preserving their general form, and the field or ground represents the air as filled with falling snow. The words "Blizzard Soap" are displayed

within an octagonal figure, while within a similar figure are the firm name of plaintiffs, stated to be located in New York, and a reference to the blizzard of March 12th, 1888, in the following words, viz.: "New York was visited by a tremendous blizzard on March 12. 1888, which was most disastrous to the city.

"We hope the Blizzard soap will have the same effect upon all rival soaps."

In the background between these octagonal figures is a representation of the Brooklyn bridge covered with snow.

When the wrapper is folded about the cake of soap the first of these octagonal figures appears upon the obverse side, and the second upon the reverse side of the package.

The defendant's wrapper, while it presents a scene in which the air is filled with falling snow, is in other respects easily distinguishable from the wrapper of the plaintiffs.

It contains two octagonal figures which fold about the cake of soap as in case of plaintiffs' wrapper.

The first figure contains the words "Leader Soap," which in the original wrapper used by defendant were covered with snow while preserving the outlines of the letters, but in the second wrapper the letters are a clear cut block letter without the appearance of snow.

The second figure contains the defendant's firm name and business together with the address in the city of Brooklyn.

The firm name is printed with great prominence. No reference is made to the blizzard of 1888.

In the background of the wrapper, and outside of the two octagonal figures already described, is a representation, not of the Brooklyn bridge, but of defendant's four-story factory with a sign displaying in distinct letters the words "Doscher & Co. National Soap Works," and on the side of a tall chimney, rising above the roof of the building, appear the words, in still larger letters, "Leader Soap."

The slightest inspection discloses the difference between these two wrappers, and there is no reasonable ground to fear that even the careless and unwary would be misled.

Unless there was such a close and studied imitation of plaintiffs' package in its general appearance as to naturally mislead and deceive the public, there is no rule of law which entitles plaintiffs to the exclusive use of cakes of soap and labels octagonal in form, or to the depiction of a scene in which the air is filled with falling snow.

This court has held that the law of trade mark has not yet gone so far as to entitle a party to appropriate a form of package and fashion of label and exclude every one else from its use or from the use of anything resembling it. (*Enoch Morgan's Sons Co.* v. *Troxell et al.*, 89 N. Y. 292.)

Judge RAPALLO, in delivering the opinion of the court, says if the law of trade mark had gone that far, "the different forms and fashions of cigar boxes, packages of chewing tobacco, perfumery, canned goods and other small articles, and the color and style of labels which every dealer, according to his taste, adopts or selects from those in use, would afford food for litigation, sufficient to give constant occupation to the courts. All these articles of each class bear a general resemblance to each other, and the products of the different dealers can be distinguished only by the brands, marks or names which they may put upon them, and these can be protected as trade marks only so far as they are new and comply with the other conditions necessary to constitute a trade mark. When there is a simulation of a trade mark, and the intent becomes a subject of inquiry, the form, color and general appearance of the packages may be material, but to sustain an action there must be an imitation of something that can legally be appropriated as a trade mark."

In the case at bar, our inspection of the rival packages satisfies us that the brands, marks and names displayed upon each are amply sufficient to distinguish them in the general market, and that defendant has not imitated anything appearing on the wrapper of plaintiffs that could be legally appropriated by them as a trade mark under the peculiar circumstances of this case.

We have refrained from deciding the effect upon this cause

of action of plaintiffs' alleged misleading statement found on their first wrapper in the printed words, "form of cake and title a trade mark secured," when, as matter of fact, the statement was untrue.

The use of these words was discontinued just prior to the commencement of this action, although the first wrappers were still in the market.

If we had reached the conclusion that the plaintiffs were entitled to judgment, then the legal question presented by this false statement would have required careful examination, but, as the case stands, we prefer to rest our decision upon the merits.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.