The Cooke & Cobb Company, Appellant, *v.* Andrew Miller et al., Doing Business under the Name of the Eclipse Company, Respondents.

Trade Mark — When Word in Common Use Cannot Be Adopted as Such. A word in common use cannot be appropriated and adopted as a trade mark unless applied to the article designated thereby in a non-descriptive, arbitrary and fanciful way, having no natural or necessary application to the article in question; and when such a word is used as an adjective to describe the character and quality of a manufactured article, an injunction will not be granted to restrain its use in describing a similar article manufactured by another, upon the ground that such use is an infringement of a trade mark and an invasion of property rights.

*Cooke & Cobb Co.* v. *Miller*, 53 App. Div. 120, affirmed.

(Argued January 10, 1902; decided January 28, 1902.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered August 3, 1900, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Adam Wiener* and *Wilton C. Donn* for appellant. The plaintiff, on the facts shown, is clearly entitled to an injunction. (*Caswell* v. *Hazard*, 121 N. Y. 484; *Gillot* v. *Esterbrook*, 48 N. Y. 374; *Low* v. *Hart*, 90 N. Y. 457; 139 N. Y. 364; *A. Mfg. Co.* v. *Trainor*, 101 U. S. 51; *Rains* v. *White*, 52 S. W. Rep. 970; *R. B. P. Co.* v. *Davis*, 26 Fed. Rep. 293; *McLean* v. *Fleming*, 81 N. Y. 267; *Fisher* v. *Blank*, 138 N. Y. 244; 139 N. Y. 364; 52 S. W. Rep. 880; Brown on Trade Marks [2d ed.], § 43; *Koehler* v. *Sanders*, 122 N. Y. 65; *Newman* v. *Alvord*, 51 N. Y. 189.) The word "Favorite" is a fanciful and arbitrary word, not a generic name for letter files or in any way descriptive of the quality, ingredient or characteristics, and, therefore, entitles the party

adopting it to the exclusive use thereof on his label. (*Hier* v. *Abrahams*, 82 N. Y. 519 ; *Newman* v. *Alvord*, 130 N. Y. 301 ; *Selchow* v. *Baker*, 93 N. Y. 59 ; 142 N. Y. 467.)

*Philip L. Wilson* for respondents. There is no allegation that the defendants ever represented or pretended that their goods were the goods of plaintiff, or ever sold them as such, nor does the proof so show. (*D. & H. C. Co.* v. *Clark*, 80 U. S. 311 ; *Corwin* v. *Daly*, 7 Bosw. 226.) The word "Favorite," as used by the plaintiff, is not a word subject to exclusive appropriation as a trade mark. (*A. Mfg. Co.* v. *Trainor*, 101 U. S. 51 ; *D. & H. C. Co.* v. *Clark*, 80 U. S. 311 ; *Taylor* v. *Gillies*, 59 N. Y. 331 ; *Corwin* v. *Daly*, 7 Bosw. 222 ; *Koehler* v. *Sanders*, 122 N. Y. 65 ; *A. Mfg. Co.* v. *Spear*, 2 Sandf. 599 ; *Caswell* v. *Davis*, 58 N. Y. 223 ; *Hier* v. *Abrahams*, 82 N. Y. 519 ; *Selchow* v. *Baker*, 93 N. Y. 59.)

O'Brien, J. The judgment from which this appeal was taken affirmed the judgment of the trial court dismissing the plaintiff's complaint on the merits.

The purpose of the action was to restrain by perpetual injunction the use by the defendants in their business of certain words, or a certain label or device, which it is alleged amounted to an infringement of the plaintiff's trade mark. It is claimed that long prior to the use of the device or label by the defendants the plaintiff had adopted it as its trade mark and that the use by the defendants was a wrongful invasion of the plaintiff's property rights and injurious to its business. It appears that both parties are engaged in the manufacture and sale of an article known as a letter file, or a sort of pocket book used as files for letters, invoices and other papers. They are or may be made of various materials, but those involved in this case are very cheap and made of paper. They are made of different sizes to fit note, invoice and letter paper. The particular brand of the article disclosed by the record in this case is made of strong, uncolored

manila paper. The general appearance and sizes of the article made and sold by the defendants are necessarily similar to that made and sold by the plaintiff. The plaintiff's label is printed in large letters within a circle upon the goods, as follows: "The Improved Favorite Letter and Invoice File. Best. Cheapest." The defendants' label is printed upon the article made and sold by them and is as follows: "The Favorite Letter and Invoice File," the word "favorite" appearing in large capitals.

We think that the complaint was properly dismissed. In the absence of some restriction upon the defendants arising out of the patent law, as to which the record is silent and as to which the state courts have no jurisdiction, the defendants had the right to manufacture and sell the article in question, although it was similar in general appearance and made from the same material and upon the same plan as the article made and sold by the plaintiff. This proposition is not questioned, but what the plaintiff claims is, that the defendants have wrongfully appropriated for use in their business a label or device which belonged to the plaintiff as its trade mark, and so have invaded its property rights. This contention, we think, cannot be sustained either as matter of fact or matter of law. In the first place there is no similarity in the two labels except so far as the word "Favorite" is used in both. That is a word in common use, and except under special circumstances, not present in this case, is not the subject of exclusive appropriation as a trade mark by any one. The plaintiff's goods are described as to character and quality on the label by several adjectives taken from the body of the language. The defendants' goods are described on their label by only one. The fact that this one adjective had also been used by the plaintiff is the sole foundation for this action, and that does not present a case for the interference of a court of equity to restrain infringement of a trade mark. This proposition is well sustained by the reasoning of the learned court below, in which we fully concur.

It is urged that the plaintiff had made out a case upon the

authority of *Waterman* v. *Shipman* (130 N. Y. 301), but we think that the facts here fall very far short of those appearing in that case. The trade mark protected by the judgment in that case was "Waterman's Ideal Fountain Pen." It embraced the proper name of the author or inventor of the article, and the name of a person has generally been regarded as the subject of exclusive appropriation as a trade mark. The only difficulty arising in such a case is when it is sought to assert such exclusive appropriation against a person of the same name. The word "Ideal" was also used in the trade mark involved in the case referred to, and that word was said to be non-descriptive, arbitrary and fanciful, and, hence, the subject of exclusive appropriation as a trade mark. The spirit of that decision will appear from a passage in the opinion of the learned judge who spoke for the court: " The word 'fountain' as applied to pens of a certain kind is a common appellation, the word 'ideal' as applied to fountain pens is non-descriptive, arbitrary and fanciful, and has no natural nor necessary application to a pen. It seems to indicate that the article sold by Waterman was of his own manufacture. The right to so use it was in the nature of property and had become 'valuable.'" The decision in that case is not at all in conflict with the view which we think should prevail in the case at bar. Within the rules and principles to be gathered from the following cases, the plaintiff was not entitled to the injunction: *Caswell* v. *Davis* (58 N. Y. 223); *Meneely* v. *Meneely* (62 N. Y. 427); *Munro* v. *Tousey* (129 N. Y. 38); *Brown* v. *Doscher* (147 N. Y. 647); *Mfg. Co.* v. *Trainer* (101 U. S. 51); *Canal Co.* v. *Clark* (80 U. S. 311).

The trial court found that the defendants had not used the plaintiff's trade mark or any imitation thereof calculated to deceive any person desiring to purchase the plaintiff's goods This finding is supported by the evidence and is conclusive in this court, and so the judgment should be affirmed, with costs.

PARKER, Ch. J. (dissenting). This case seems to me not distinguishable in principle from *Waterman* v. *Shipman* (130

N. Y. 301), which contains the latest utterance of this court upon the subject. In that case the word "Ideal" as applied to fountain pens was held to be non-descriptive, arbitrary and fanciful, having no natural or necessary application to a pen which served to indicate that the article sold by the plaintiff was of his own manufacture. The opinion closes as follows:

"We think that the word 'Ideal,' as applied by Mr. Waterman to fountain pens of his own manufacture, comes within the comprehensive definition of a trade mark as given in *Selchow* v. *Baker* (*supra*), and that the plaintiffs, as the owners of the name, are entitled to the protection which the law affords to owners of trade marks, notwithstanding the fact that the name is also used to designate the invention. Upon the facts found, the plaintiffs were entitled to an injunction restraining the defendant from using the word 'Ideal' as applied to fountain pens."

If in that case Waterman had selected the word "Favorite" instead of "Ideal" the decision would necessarily have been the same. And if this plaintiff had employed the word "Ideal" as the special name of the "Letter and Invoice File" manufactured by it the court would have been obliged either to follow *Waterman's* case or overrule it, and the situation is not different because the word "Favorite" was chosen instead of "Ideal."

That this is so will appear from an examination of the labels. The plaintiff's is printed within a circle four and one-half inches in diameter, the words "The Improved" running around the upper inside of the circle and being composed of letters seven-sixteenths of an inch long and one-sixteenth of an inch wide; in the same size and kind of letter are the words "Letter and Invoice File" running around the inner lower half of the circle. In a heavy black letter twice as long and four times as wide as those in the words thus curving around the inside of the circle, appears the word "FAVOR-ITE," extending entirely across the horizontal diameter of the circle. Above the word "FAVORITE" is printed within a small rectangular parallelogram the word "Best" in small

letters, the whole word not covering as much space longitudinally as two of the letters in the word " FAVORITE," while directly underneath the latter word, in a similar geometrical figure as that containing " Best," appears in small letters the word " Cheapest," which, though containing twice as many letters as the word " Best," is but one-eighth of an inch longer than that word.

The defendants' label is printed in three horizontal lines and is comprised in the words " The Favorite Letter and Invoice File," the word " Favorite" in heavy black type extending longitudinally about three and one-half inches, the letters being an inch long and over an eighth of an inch thick. Above the word " Favorite" is printed the word " The " in small type, while in a horizontal line about three-quarters of an inch below the large word " Favorite" and in small letters that altogether occupy only about the same space horizontally as does that word, appear the words " Letter and Invoice File."

How could it be possible for even the most superficial observer to look at these labels without seeing at once that the particular designating word by which those files were intended to be identified was the word " FAVORITE ? " That word looms up largely among the others and absorbs at once all of the attention of a person who looks at the labels. In both labels the rest of the legends of which they are composed is intentionally subordinated to this word " FAVORITE," which as regards letter and invoice files is assuredly non-descriptive, arbitrary and fanciful. It can be readily seen that the qualifying words, " Improved," " Best," and " Cheapest," were added to the plaintiff's label after he had appropriated the word " FAVORITE," simply for advertising, or, perhaps, æsthetic purposes.

Supposing the plaintiff's label had been in the first place " Favorite Letter and Invoice File," and afterwards in printing the label the word " The " had been added, and that then the defendants had begun manufacturing those files and had labeled them " Favorite Letter and Invoice File," without the definite article " The " similar to the label that the plaintiff

had at first used.   Would anybody claim in such case that
under the principle applied in the case of *Waterman* v. *Ship-
man* (*supra*) the plaintiff's property rights had not been
invaded ?   And if not, it seems to be impossible, without
absolutely overruling the *Waterman* case, to hold that the
addition by plaintiff of the words "Improved," "Best,"
"Cheapest," in small type changed the situation and per
mitted the defendants to take advantage of the plaintiff's years
of advertising by using this word "FAVORITE," which, as
applied to articles of this description, is incontrovertibly as
non-descriptive, arbitrary and fanciful a word as is "Ideal"
when applied to fountain pens.

The judgment should be reversed.

GRAY, BARTLETT, HAIGHT, CULLEN and WERNER, JJ., con-
cur with O'BRIEN, J.; PARKER, Ch. J., dissents.

Judgment affirmed.