BUFFALO TYPEWRITER EXCHANGE, INC., Respondent, *v.* D. CHARLES MCGARL, Doing Business under the Name of AMERICAN TYPEWRITER EXCHANGE et al., Appellants.

Injunction — action to restrain defendant from using words " Typewriter Exchange " as part of name of defendant corporation — when there is no evidence or finding that the use of these words was intended to deceive or did deceive any one, no injunction should be granted.

Plaintiff, a corporation, brings this action to restrain the defendants from using the words " Typewriter Exchange " as part of the name of an incorporated firm, which is engaged in the same business as plaintiff. There is no evidence or finding that the defendants have deceived or misled any one by misrepresenting to customers that they were dealing with the plaintiff. On the contrary, defendants took pains to indicate not only upon their stationery but in instructions

given to their salesman and outside repairman that the two corporations were separate and independent and customers were so advised. There being no evidence or finding in the record of any dishonest use by defendants of their firm name or any resort to artifice or deceit to mislead the public, or to cause confusion as to the identity of the respective businesses of the plaintiff and defendant, a judgment granting an injunction was erroneous.

*Buffalo Typewriter Exchange, Inc., v. McGarl,* 209 App. Div. 847, reversed.

(Submitted March 3, 1925; decided March 31, 1925.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 12, 1924, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at an Equity Term.

*William J. Bullion* for appellants. In this case there is such sufficient distinction between the names "American Typewriter Exchange" and "Buffalo Typewriter Exchange" that there can be no confusion of names, and any person of ordinary intelligence cannot possibly be deceived by the similarity. (*Hygeia W. I. Co. v. N. Y. H. Ice Co.,* 140 N. Y. 94; *M. M. M. Assn. v. M. M. C. Agency,* 191 App. Div. 73; *Romeicke v. Romeicke & Co.,* 179 App. Div. 713; 227 N. Y. 561; *Car Ad. Co. v. N. Y. C. Car Ad. Co.,* 57 Misc. Rep. 105; *Clinton Metallic Paint Co. v. New York Metallic Paint Co.,* 23 Misc. Rep. 67; *Commercial Advertiser Assn. v. Haynes,* 26 App. Div. 279; *State Council of N. Y. D. of A. v. Catholic D. of A.,* 194 N. Y. Supp. 146; *Brown v. Farda,* 194 N. Y. Supp. 247; *Koehler v. Sanders,* 122 N. Y. 65.)

*Harry D. Sanders* for respondent. The defendants were guilty of unfair competition with the plaintiff and she plaintiff is, therefore, entitled to the equitable relief awarded by the court below. (*Bates Mfg. Co. v. Bates N. M. Co.,* 172 Fed. Rep. 895; *Dennison Mfg. Co. v.*

*Thomas Mfg. Co.*, 94 Fed. Rep. 651; *Cole Co.* v. *American Cement Co.*, 130 Fed. Rep. 703; *Waterman* v. *M. P. Co.*, 235 U. S. 88; *New England Awl & Needle Co.* v. *Marlborough Awl & Needle Co.*, 168 Mass. 154; *Howard Dustless Duster Co.* v. *Carlton*, 219 Fed. Rep. 913; *Gulden* v. *Chance*, 182 Fed. Rep. 303; *Meccano* v. *Wagner*, 234 Fed. Rep. 912; *Coleman* v. *Crum*, 70 N. Y. 573; *Schwann* v. *Milie*, 203 Fed. Rep. 176.)

McLAUGHLIN, J.   This action was brought to restrain defendants from using the name American Typewriter Exchange or American Typewriter Exchange, Inc.   Plaintiff had a judgment for the relief prayed for in the complaint and on appeal the same was affirmed by the Appellate Division, one of the justices dissenting, and defendants appeal to this court.

The Buffalo Typewriter Exchange, Inc., was incorporated March 30, 1904, with a capital stock of $10,000, divided into shares of $10 each.   It was incorporated for the purpose of dealing in new and second-hand typewriters, supplies, and renting and repairing machines. Some time between the incorporation and the commencement of the action it was doing business at 118–120 Franklin street in the city of Buffalo.   About June 1, 1917, the defendant McGarl became the owner of 449½ shares of the capital stock of the corporation, and one Charles Aldinger became the owner of an equal number, and the remaining shares, according to the findings, were owned by one McCall.   After the stock had been thus acquired, Aldinger was elected president and treasurer of the corporation, and McGarl its vice-president and secretary, and they, with McCall, were elected directors. The business was quite prosperous, but in the early part of 1921 a disagreement arose between the stockholders, with the result that on October 6, 1921, McGarl was removed from his office and his salary discontinued. A few days later he sold all of his stock to one Spencer

and thereby completely severed his connection with the corporation.

Shortly thereafter he commenced, at the corner of Niagara and Eagle streets in the city of Buffalo, doing a business similar to that of the plaintiff under the name of American Typewriter Exchange. The plaintiff objected to his using that name and he, with one Swartz and Bullion, shortly after such objection was made, incorporated the defendant American Typewriter Exchange, Inc., and continued to do a business of the same kind, at the same place, until shortly before the commencement of the action, when they removed their place of business to 182 Franklin street in that city.

Prior to the incorporation of the defendant American Typewriter Exchange, Inc., Bullion had for some time acted as attorney for the plaintiff, and Swartz for upwards of four years had acted as its bookkeeper. After the American Typewriter Exchange had been incorporated it engaged the services of one Wood as salesman and outside repair man. He had previously occupied a similar position for some time with the plaintiff.

Upon these facts, together with an assertion that the stationery used by the American Typewriter Exchange, Inc., was similar to that used by the plaintiff — which assertion was not sustained by any evidence — the plaintiff instituted this action, with the result as above stated. The basis of the action is that the defendants have appropriated and are using a name and stationery calculated to confuse and deceive the public to the plaintiff's damage. There is no finding, nor is there any satisfactory proof, that the defendants, by the adoption of the name American Typewriter Exchange, or American Typewriter Exchange, Inc., or the use of the stationery deceived or misled any one. There is no finding, nor is there any proof which would sustain one if made, that the defendant ever misrepresented to its customers that they were dealing with the plaintiff. It would be difficult

indeed to find a case of alleged unfair trade competition where the record is as barren of any evidence of fraud, false representation or unfairness, as the one now under consideration.  The most that can be said is that McGarl, after he sold his stock, engaged in a similar business, which he had a perfect right to do so long as he did not resort to any artifice, fraud or misrepresentation that the business he was carrying on was that of the plaintiff's.  He had a right subsequently to associate with him Bullion and Swartz in forming a corporation to carry on such business, and the fact that they had had previous relations with the plaintiff constituted no legal objection thereto.

No one of reasonable intelligence could confuse 118–120 Franklin street with 182 Franklin street.  No effort was made to show that any one had been confused as to the two corporations or had believed that the defendant corporation was the plaintiff.

In defendant's efforts to obtain and do business it took pains to indicate not only upon its stationery, but in instructions given to Wood, that the two corporations were separate and independent.  Would-be customers were so advised.  The two corporations have different names, though the words " Typewriter Exchange " are used by both.  These words are commonly used to indicate the nature of the business and would not warrant a court of equity in assuming, as matter of law, that they have, or were calculated to, deceive the public, or that any confusion with reference to the identity of the two corporations exists to the prejudice of the plaintiff.  It must be assumed that the public will use reasonable intelligence and discrimination with reference to the names of corporations with which they are dealing, or intend to deal, the same as with individuals having the same or similar names. (*Hygeia W. I. Co.* v. *N. Y. H. I. Co.*, 140 N. Y. 94; *Romeike, Inc.,* v. *Romeike & Co., Inc.,* 179 App. Div. 712; affd., 227 N. Y. 561.)

Having reached the conclusion there is no finding or

evidence in the record of any dishonest use by defendants of the name American Typewriter Exchange, or American Typewriter Exchange, Inc., or any resort to artifice or deceit to mislead the public, or to cause confusion as to the identity of the respective businesses of the plaintiff and defendants, it follows this judgment is wrong, and, therefore, should be reversed and the complaint dismissed, with costs in all courts.

HISCOCK, Ch. J., CARDOZO, POUND, CRANE, ANDREWS and LEHMAN, JJ., concur.

Judgment reversed, etc.