Berray Co., Inc., Plaintiff, *v.* Stylebuilt Hat Co., Inc., Defendant.

Supreme Court, New York County, April 23, 1934.

*Poses, Katcher & Driesen,* for the plaintiff.

*Irving N. Selkin,* for the defendant.

McLaughlin, J.   The plaintiff, an importer and seller of berets, seeks an injunction restraining the defendant, a manufacturer and seller of berets, from using the word " Feltino " as an infringement of the plaintiff's trade-mark " Bordino," and for alleged unfair competition.

The plaintiff has been engaged in the business of importing and selling berets for about five years.   In 1932 the plaintiff commenced selling in this country a shallow crown, form-fitting, wool cloth beret of good quality and workmanship which is made in Italy and is imported exclusively by the plaintiff.   It adopted the name " Bordino," and the trade-mark " Bordino " was registered in the United States Patent Office on December 26, 1933.   The plaintiff expended quite a large sum of money in advertising this particular style of beret to the trade.   Some time in November, 1933, the plaintiff started using the emblem 1934 with an arrow pierced through the numerals as an added feature for its Bordino beret.   The plaintiff sold its beret to the wholesale trade and department stores for seven dollars per dozen with the emblem and for six dollars and fifty cents per dozen without the emblem.

In the latter part of December, 1933, or the early part of January, 1934, the defendant commenced to manufacture and sell to the wholesale trade and department stores a felt beret under the name " Feltino " at a price of three dollars and seventy-five cents per dozen.   This beret is inferior in quality and workmanship.   The " Feltino " is larger and of different shape than the " Bordino."   The " Bordino " has a tip on the top of the hat, and has affixed inside the crown a blue silk label with the words " Bordino beret, Made in Italy."   The defendant's hat has no tip or any label with the name " Feltino " on it.   The only label is a white NRA one, sewed to its edge on the side.   The defendant also used the emblem 1934 with an arrow pierced through the numerals on its hat.

The court is of the opinion that the words " Bordino " and " Feltino," while having similar endings, the last three letters being the same, are sufficiently distinct as not to cause mistake or confusion.   They do not look alike and they do not sound alike. In the case of *Allen Mfg. Co., Inc.,* v. *Smith* (224 App. Div. 187, at p. 189) the court said: " The names bear to each other no closer resemblance than those considered in many cases where relief by injunction has been denied." (*Gotham Silk Hosiery Co., Inc.,* v. *Reingold,* 223 App. Div. 260; *Boyshform Brassiere Co., Inc.,* v. *Modishform Brassiere Co., Inc.,* 205 id. 14.)

The evidence shows that the defendant and others in the hat trade were using the numerals 1934 pierced by the arrow about the same time the plaintiff commenced using the emblem, and the maker of the emblem was selling it to the trade whenever and wherever he could. That the plaintiff sold its hats with and without the emblem is conceded. In regard to this there is no evidence that the defendant simulated or imitiated the plaintiff's goods in order to palm off its goods as the plaintiff's. The difference between the " Bordino Beret " and the " Feltino Beret " in general appearance and quality is so great that the public could not possibly nor probably mistake the latter for the former. The plaintiff has failed to prove that the defendant has attempted to get its business by unfair competition. Unless prevented by a copyright or patent any one may make and sell goods similar in all respects to the goods sold by another under a trade-mark. (*Cooke & Cobb Co.* v. *Miller,* 169 N. Y. 475; *Montegut* v. *Hickson, Inc.,* 178 App. Div. 94.)

There is no evidence of infringement of the plaintiff's trade-mark. I find that the defendant has not used the plaintiff's trade-mark or any imitation thereof calculated to mislead or deceive any person who desired to purchase the plaintiff's Bordino beret. Competition there was, but no evidence of unfair competition was produced on the trial. Therefore, the plaintiff's complaint is dismissed on the merits.