RAINBOW SHOPS, INC., Plaintiff, *v.* THE RAINBOW SPECIALTY SHOPS, INC., and Others, Defendants.

Supreme Court, Special Term, Kings County, March 28, 1941.

*Irving Coopersmith* [*Hyman R. Friedman* of counsel], for the plaintiff.

*Irwin R. Browner,* for the defendants.

SMITH, J. Since 1927 plaintiff has been engaged in the sale of ladies' apparel and specialties under the name of " The Rainbow Shop " and " Rainbow Shops." Prior thereto plaintiff's predecessors since 1921 conducted a similar business under the same name. At present plaintiff operates some six stores in the borough of Brooklyn, each of which is known by the above-mentioned name.

It is claimed that the trade name so used by plaintiff, or by its predecessors, has become and is of great commercial value and is and has been a great source of profit. Such result, it is claimed, has been achieved through a constant endeavor to acquaint the public with the name "Rainbow" by various advertising media, including the use of newspapers, subscriptions to charitable periodicals and organizations, some of which are located in Nassau county, Long Island, and publicity contests at various theatres. As indicative of the intensity of the advertising for such purpose, it is stated that plaintiff spent approximately $40,000 or $50,000 during the year 1940. It was shown upon the trial that heretofore plaintiff has conducted a branch in Hempstead, Long Island, in anticipation of expanding its business to the Long Island area and that at present it is seeking to locate stores under its trade name in Jamaica, Hempstead and Great Neck. Evidence has also been submitted to establish that twenty per cent to twenty-five per cent of its business is devoted to patronage emanating from that general territory.

During March, 1934, the individual defendants opened a store in Great Neck which they conducted as a so-called "kiddie shop" for a period of three years. They then expanded their business to include the sale of ladies' apparel and specialties. They now maintain two stores, one located in Great Neck and the other in Manhasset, Nassau county, Long Island. These stores are operated under the name "The Rainbow Specialty Shop" or "The Rainbow Shop."

Plaintiff seeks herein an injunction permanently restraining the defendants from the use of such appellations in the sale of the above-mentioned commodities.

Of course, it is the duty of a subsequent trader not to market his goods in such a manner as ultimately to cause actual or likely confusion between the operation of his own business and that of a prior trader. Where there is either an actual or probable tendency toward public deception, the absence of a fraudulent intent on the part of the subsequent trader affords no basis upon which to predicate a denial of the prior trader's application for equitable intervention in protection of his rights.

It is my view that upon the trial of the matter, plaintiff fully established that it was entitled to invoke the benefit of the above rule. In such connection it will suffice to point out that ample testimony was adduced to indicate that, because of defendants' adoption of the trade names in question, some resulting confusion to plaintiff's prejudice has been engendered in the mind of the buying public. An inability to discriminate between the identity

of the two firms is aptly demonstrated cumulatively by the fact that even the very dealers who cater to the trade, and, therefore, presumptively are in a position to be better informed upon the subject than is the average customer, have been at times in doubt whether the two firms are independent entities or otherwise. In establishing its business, defendants should have refrained from adopting a name which would be likely thus to deceive the public and thereby deprive plaintiff of the full benefit of whatever reputation it has acquired. Under such circumstances even a failure to show actual monetary loss would not be fatal if, as here, there be established the reasonable threat of possible injury. Injunctive relief is proper to prevent " the gradual whittling away or dispersion of the identity and hold upon the public mind " of the particular trade name. (See *Tiffany & Co.* v. *Tiffany Productions, Inc.*, 147 Misc. 679; affd., 237 App. Div. 801; 262 N. Y. 482.)

During the course of the trial I intimated that a prior trader is entitled to equitable protection in the exclusive use of his trade name not only within the immediate locality where his business has been previously conducted but also, as here, within such territory as may reasonably be expected to constitute a likely field of normal expansion. I am inclined to adhere to that view after a studied reflection. (See *Ball* v. *Broadway Bazaar*, 194 N. Y. 429; *Stewarts Sandwiches, Inc.*, v. *Seward's Cafeteria, Inc.*, 60 F. [2d] 981; 63 C. J. p. 444.)

Judgment as demanded in the prayer for relief will, therefore, be entered in favor of plaintiff. Settle proposed form thereof on notice.