WHOLESALE SERVICE SUPPLY CORPORATION, Appellant, *v.* WHOLESALE BUILDING MATERIALS CORP., Respondent.

Argued October 21, 1952; decided December 4, 1952.

*George R. Fearon* for appellant.

*Martin F. Kendrick, Laurence Sovik* and *William J. Mackay* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: LOUGHRAN, Ch. J., CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ. LEWIS, J., dissents in the following opinion.

LEWIS, J. (dissenting). I read this record as establishing that the plaintiff has so used the word "Wholesale" in its corporate name and in advertisements and facilities by which its business is promoted, that the word itself has acquired a secondary meaning entitling it to protection. There is evidence of confusion in the past resulting from the defendant's use of the word "Wholesale" — confusion to which reference is made in the opinion by the Appellate Division (280 App. Div. 189, 190) — and likelihood that, in the future, the defendant's continued use of that word in the promotion of its business is liable to lead to further confusion. In a competitive field " * * * it is the duty of a subsequent trader not to market his goods in such a manner as ultimately to cause actual or likely confusion between the operation of his own business and that of a prior trader. Where there is either an actual or probable tendency toward public deception, the absence of a fraudulent intent on the part of the subsequent trader affords no basis upon which to predicate a denial of the prior trader's application for equitable intervention in protection of his rights." (*Rainbow Shops* v. *Rainbow Specialty Shops,* 176 Misc. 339, 340.) In that connection it is established law that an injunction lies to restrain simulation and use by one corporation of the name of another which tends to lead to confusion and enables the imitator to obtain business or other advantage as a result of the confusion. (*Higgins Co.* v. *Higgins Soap Co.,* 144 N. Y. 462, 468–471; *American Foundries* v. *Robertson,* 269 U. S. 372, 381; *Standard Oil Co. of New Mexico* v. *Standard Oil Co. of Cal.,* 56 F. 2d 973, 977.)

Mindful, as I am, that "It is the liability to deception which the remedy [of injunction] may be invoked to prevent" (*T. A. Vulcan* v. *Myers,* 139 N. Y. 364, 367, and see 2 Nims, Unfair Competition and Trade-Marks [4th ed.], p. 1049) and that the plaintiff in the present case is not required to wait until the simulated use by the defendant of the word "Wholesale" has been " * * * continued for such a length of time as to cause some substantial pecuniary loss" (*T. A. Vulcan* v. *Myers, supra,* p. 368); and there being no rule of law which requires the plaintiff to prove bad faith or monetary loss as a basis for injunctive relief to prevent the use of a name which is likely to lead to confusion (*Tiffany & Co.* v. *Tiffany Productions,* 147 Misc. 679, 681, affd. 237 App. Div. 801, affd. 262 N. Y.

482; *New York World's Fair 1939* v. *World's Fair News,* 163 Misc. 661, 664–666), I dissent from the decision about to be made and vote for reversal and reinstatement of the judgment entered upon the order of Special Term.