Nicholas M. Pette, J.
Plaintiff instituted this action for an injunction and consequential damages alleged to have been sustained as a result of an alleged unfair competition in the user of the name “ Party House ” and “ Party Time ”.
The facts may be briefly stated thus: Plaintiff, since March 16, 1948, was engaged, and still is engaged, in the catering business, and in the companion business of furnishing and renting chairs, china, etc. for party needs; and operating under the name of “ Party House Caterers, Inc.” The defendant and his predecessor, since 1938, have been engaged in the party-supply business under the name of “Academy Chair Renting Co.” and subsequently adopted the name of ‘ ‘ Party Time ’’ and ‘ ‘ Party House ” without engaging in catering. Plaintiff alleges that the user of the word “ party ” in the defendant’s trade name had deceived and confused the public with the plaintiff, and allegedly causes damage to plaintiff’s business.
It is obvious from the plaintiff’s corporate title ʻʻ Party House Caterers, Inc.” and the defendant’s trade name “ Party Time ” and/or “ Party House ”, the names are entirely different on their face, except for the common user of the word ‘ʻ party ’’. The defendant admittedly is not a caterer, nor does it advertise as such, its primary business being that of rental of chairs, table, china, glass, linens, etc.
During the course of the trial, plaintiff’s claim for alleged money damages was withdrawn, and the issues to be resolved pertain only to the question of injunctive relief.
Plaintiff corporation has no right to a monopoly of the word ʻ‘ party ’’, and long user thereof, in and of itself, will not suffice to attach a secondary meaning to such word, which is general and descriptive in character.
In the similar case of Hotel Syracuse v. Motel Syracuse (283 App. Div. 182, affd. 309 N. Y. 831), the Appellate Division, reversing the lower court and dismissing the complaint, held (pp. 184-185): “ The law of trade names is but part of the broader law of unfair competition, the general purpose of which is to prevent one person from passing off his goods or *153 his business as the goods or the business of another (American Foundries v. Robertson, 269 U. S. 372). ‘ Whether the court will interfere in a particular case must depend upon circumstances; the identity or similarity of the names; the identity of the business of the respective corporations; how far the name is a true description of the * * * business carried on; the extent of the confusion which may be created or apprehended, and other circumstance [s] which might justly influence the judgment of the judge in granting or withholding the remedy. ’ (Higgins Co. v. Higgins Soap Co., 144 N. Y. 462, 469-470.) Confusion of the public and damage to the plaintiff are the gist of the action (Hotel Claridge Co. v. George Rector, Inc., 164 App. Div. 185). In the absence of damage, inconvenience or annoyance is insufficient.” (Emphasis supplied.)
The Appellate Division continued (supra, p. 185): “ The improbability of confusion explains the rule that there can be no proprietary right in descriptive or geographical words or names, so long as their appropriation has not the effect of deception (Corning Glass Works v. Corning Cut Glass Co., 197 N. Y. 173, 178).” (Emphasis supplied.) (See, also, Miss New Yorker Shops v. Kasman, 139 N. Y. S. 2d 229; Playland Holding Corp. v. Playland Centre, 285 App. Div. 1075, injunction denied.*)
In the similar case of Hygeia Water Ice Co. v. New York Hygeia Ice Co. (140 N. Y. 94), the plaintiff sought to restrain the defendant from the use of its corporate name, on the ground that such name so nearly resembled that of plaintiff as to be calculated to deceive persons dealing with them.
Affirming the dismissal of the complaint upon a decision of the trial court at Special Term, New York County, the Court of Appeals said, in part (supra, p. 97): “ There is no finding and no satisfactory proof that the defendant, by the use of the name, ever deceived any one or that any confusion as to identity was ever produced in consequence.”
The Court of Appeals concluded (supra, p. 98): “Courts of equity must, in such cases, assume that the public ivill use reasonable intelligence and discrimination with reference to the names of corporations ivith which they are dealing or intend to deal, the same as in cases of individuals bearing the same or similar names. * * * But we think that the court was not bound to hold in this case that the defendant corporation, by reason of the corporate name which it adopted, has been mistaken for the plaintiff or is likely to be.” (Emphasis supplied.)
*154 The confusion must be reasonable, for the law does not justify interference in behalf of ignorant or careless persons. (Corning Glass Works v. Corning Cut Glass Co., 197 N. Y. 173, 180.)
In the recent case of Murray v. Miller (142 N. Y. S. 2d 857), plaintiff and defendant were rival shoe manufacturers, and both made shoes to the shape and contour of the human foot. Plaintiff sought to enjoin alleged unfair competition and damages. Plaintiff was the originator of the manufacturing method of contour shoes and obtained letters patent on October 24, 1949, for this method. Defendant formed a corporation under the title of “ Foot Contour Shoe Laboratories, Inc.” and a license obtained from the plaintiff to one Emanuel Sugarman was assigned to this corporation. This license agreement was terminated January 6, 1948. Thereafter, the defendant and Sugar-man continued to make casts of human feet and to manufacture shoes therefrom.
Plaintiff contended that persons buying shoes from the licensee associated the description or “ contour shoes ” with shoes manufactured by plaintiff, and that the subsequent continuation of the description “ contour shoes ” tended to mislead the public into thinking they were buying plaintiff’s shoes.
Special Term of the Supreme Court, New York County, Part V, held (supra, p. 858): “No satisfactory evidence has been adduced to substantiate plaintiff’s contention on this point. "While some advertising by the defendant and his predecessors associated the ‘ Murray Method Shoe ’ with the descriptive phrase ‘ contour shoe ’, such use appears to be merely incidental. There is no satisfactory showing made by plaintiff to warrant endowing him with a proprietary right to the use of the description ʻ contour shoes ’ which was coined by the defendant and his predecessors. * * * No satisfactory proof of any damage has been shown.” (Emphasis supplied.)
In the analogous case of Wholesale Service Supply Corp. v. Wholesale Bldg. Materials Corp. (280 App. Div. 189, affd. 304 N. Y. 854), both parties were engaged in the business of selling building materials and some confusion arose in the names in delivery of merchandise, mail and phone calls. There was no evidence of misrepresentation on the part of the plaintiff.
.Reversing a judgment permanently enjoining the defendant from using the word “ wholesale ” in its corporate name and dismissing the complaint, the Appellate Division, Fourth Department, held, in part (supra, p. 190): “ The word ‘ Wholesale ’ is not susceptible of appropriation or exclusive use in the plaintiff, nor can it be held to have acquired a secondary mean *155 ing such as to prevent its use coupled with the words ʻ Building Materials Corporation ’ in defendant’s corporate name. We conclude that the injunction was improperly granted. (See Eastern Constr. Co. v. Eastern Engineering Corporation, 246 N. Y. 459; Buffalo Typewriter Exchange v. McGarl, 240 N. Y. 113; Neva-Wet Corp. v. Never Wet Processing Corp., 277 N. Y. 163; Material Men’s Mercantile Assn. v. New York Material Men’s Mercantile Assn., 169 App. Div. 843, affd. 224 N. Y. 670 ”.)
I find that plaintiff has submitted no satisfactory proof that the defendant, by the use of his trade names, has deceived anyone, or that confusion as to identity with the plaintiff was ever produced in consequence.
After due deliberation and consideration, judgment is hereby granted in favor of the defendant dismissing the complaint upon the merits.
Settle proposed judgment on notice.

 Revd. 1 N Y 2d 300, May 31, 1956.