Henry Epstein, J.
Plaintiff company has used the trademark and name “ Gold Seal ” for its wines for some 74 years. It has registered the “ Gold Seal ” notation for sparkling wine and champagne since 1882 in both Federal and New York State Government agencies. In this action plaintiff seeks an injunction against defendant’s product, designated as “ Grand Seal ” champagne, claiming trade-mark infringement and unfair competition. The proof offered on unfair competition dealing with the shape of the bottle, the lettering on the large label and the “ neck ” band label on the champagne bottles is unconvincing. Many, if not all, champagne bottles are alike, if not exactly, then nearly so. So are almost all the labels, in size at least. So, too, of the coloring of the labels and tin foil at the neck and over the cork of the red sparkling wines, and the champagnes generally.
There is one exception — plaintiff’s “Brut” champagne which carries an orange colored label, neckband, and foil. Defendant does not now nor does it intend to market any champagne in this distinctive colored label. It is this particular product which constitutes the large proportion of plaintiff’s sales. Plaintiff does not object to the many other brands of champagne and “sparkling wine” on the market — such as “ Green Seal ”, “ Black Seal ”, and “ Royal Seal ”. It is only defendant’s “Grand Seal” which is the objectionable label, and there only the word “ Grand ”. What plaintiff’s case boils down to is the use of the letters “ G ” and “ D ” in the word “ Grand ” as a means of deceiving people in a possible purchase of “ Gold Seal ” wine. No proof was offered of any such marketing mistakes by purchasers. In fact the New York *500 Liquor Authority 1956 price list showed an extensive use of the words “ Gold ” and “ Seal Nor did plaintiff offer any proof of inferiority in quality of defendant’s product. Defendant conceded that plaintiff’s product was good. The difference in price apparently stems from defendant’s use of a different curing process, using a more recent “ bulk process ” instead of a “ bottle process ” as used by plaintiff. Yet defendant conforms to all regulations of the Federal and State authorities in using the word “ Champagne ”. The words “ Sparkling Wine ” are added, as required by the regulations.
The restriction of the use of the word “ Champagne ” in Europe to wines from the district of that name in France does not prevail in the United States or in New York State. The word may be used alone when the wine is processed in the bottle, or with the added words ‘1 Sparkling Wine ’ ’ and ‘ ‘ Bulk Process ” when not cured in the bottle. In the instant case the court is convinced that both parties have acted in complete good faith. Defendant did not consciously seek to imitate plaintiff’s label or product. Many others had like names, against which no complaint was made. No injury to plaintiff’s business has been shown. The use of the word “ Grand ” in connection with “Seal” is not, in the court’s opinion, sufficient, without more, to warrant the injunctive relief here sought. Each case of this character must rest upon the proof. There is here no misappropriation of property as in Metropolitan Opera Assn. v. Wagner-Nichols Recorder Corp. (199 Misc. 786); International News Service v. Asso. Press (248 U. S. 215); Mutual Broadcasting System v. Muzak Corp. (177 Misc . 489). There is here no “palming off” or “wrongful misappropriation ” as required in Beecham v. London Gramophone Corp. (104 N. Y. S. 2d 473). There is here no “ invented word ” such as “ Kodak ” on which to base the relief sought. (Restatement, Torts, § 731; France Milling Co. v. Washburn-Grosby Co., 7 F. 2d. 304, 306; 1 Nims on Unfair Competition and Trade-Marks, 4th ed., p. 661.) Defendant here purchased the business of B. Cribari Company for $2,500,000 and adopted the brand name San Benito as its corporate format. Its use of the medal symbols on the labels is supported by the awards made to the product of the predecessor company continues by the defendant. There is no evident attempt thereby to impair plaintiff’s repute or to “palm off” its own instead of plaintiff’s product. (Neva-Wet Corp. v. Never Wet Processing Corp., 277 N. Y. 163; Brown v. Doscher, 147 N. Y. 647; Fleischmann v. Newman, 4 N. Y. S. 642, affd. 123 N. Y. 659; France Milling Co. v. Washburn-Crosby Co., supra; Seven Up Co. v. *501 Cheer Up Sales Co., 148 F. 2d 909; Schlitz Brewing Co. v. Houston Ice Co., 250 U. S. 28; Herzberg v. Revlon Prods. Corp., 53 N. Y. S. 2d 884, 885-886.)
While there is much written on the subject, the cases vary widely in result. The language of the opinions cannot be divorced from the facts of the cases decided. (Food Center Supermarkets v. Altiere, 123 N. Y. S. 2d 260, 262; Party House Caterers v. Weingarten, 2 Misc 2d 151; Devonshire Jr., Inc. v. Cohn, 52 N. Y. S. 2d 192, 194-195, affd. 269 App. Div. 768, affd. 295 N. Y. 617.)
Judgment for defendant.