Owen McGivern, J.
This is an action brought by the representatives of the author (now deceased) and the publisher of the books “Peyton Place” and “ Return to Peyton Place”, to enjoin the defendant Dell Publishing Co., Inc., from continuing the publication, sale and distribution of a book entitled ‘1 The Girl from ‘ Peyton Place ’ ’ ’, and for an accounting and damages.
An application previously made by the plaintiffs for a preliminary injunction was denied by Mr. Justice Jacob Markowitz on January 4,1966. (49 Misc 2d 252.)
*597 At the trial, the plaintiffs developed evidence sufficient to sustain the conclusion that the publications of “Peyton Place” and “ Return to Peyton Place ” were phenomenally successful. Also that the consequential rights of TV, motion pictures and the publication of other works of the author were all profitable. The claim is made that the further sale of the defendant’s “ Girl from ‘ Peyton Place ’ ’ ’ would be unfairly damaging to the plaintiffs.
This claim of the plaintiffs is predicated on the contention that the jacket of “ The Girl from ‘ Payton Place ’ ” is so designed as to be the subject of confusion with the other “ Peyton Place ” books, to be substantially similar in appearance, and thus to detract from the plaintiffs’ market for the “Peyton Place” books and the benefits flowing from their publication. Specifically, the grievance is based on the argument that the cover jacket of “ The Girl from ‘ Peyton Place ’ ” does not (a) contain the word “Biography”; (b) contains a picture of Grace Metalious; and (c) although the subject concerns “Peyton Place”, it does not sufficiently appear that the author is not Grace Metalious herself. Thus, the plaintiffs conclude the paperback public will be misled into the conclusion that the book is a sequel to the “ Peyton Place ” books and not a biograpny.
The contention of the plaintiffs is further based on expert testimony that the paperback devotees are a gullible lot; they are ‘ ‘ lip movers ”, “ the lowest common denominators ’ ’, “impulse purchasers”; their inspection of a book does not extend beyond the cover; they do not even discern authorship.
This court does not agree. This court feels that there simply must be some limits to the claimed asininity of the paperback reading public. Moreover, the book before us, “ The Girl from ‘ Peyton Place ’ ’ ’ contains a legend on its cover, sufficiently noticeable, to indicate that the subject of the book is biographical. Indeed, the very presence of a picture of Grace Metalious on the cover would indicate even to the unwary that she is the subject of the story. The names of the authors are set forth on the cover, to wit1 ‘ George Metalious and June 0 ’Shea ’ ’. The first inside page clearly proclaims that Grace Metalious herself is “ The Girl from ‘ Peyton Place ’ ”, and the second inside page declares that the work is a biography. Turning to the rear of the cover, we find further printing, denoting that the book is about Grace Metalious, and is not fictional in character.
In addition, there was testimony that no complaints of confusion were ever recorded. And there was contrary expert opinion ‘bat the paperback reading votaries are possessed of at least a modicum of discernment and are not easily fooled. This *598 court, therefore, does not agree that the paperback readers are so obtuse and purblind that they cannot form a judgment that “ The Girl from ‘ Peyton Place’” actually concerns Grace Metalions, her life and works, is biographical in nature, and not a fictional sequel to the previous “ Peyton Place ” books.
Thus, it is the conclusion of this court that the similarity of colors in the jackets of the books at issue alone is not sufficient to sustain a finding of unfair competition; there are sufficient other variances to prevent confusion; and finally, the over-all proof falls short of that degree of proof required before the far-reaching relief of injunction is available. As was said in Dell Pub. Co. v. Stanley Pub. (9 N Y 2d 126, 134): “ The law does not justify interference on behalf of ignorant or careless persons (Corning Glass Works v. Corning Cut Glass Co., 197 N. Y. 173; Buffalo Typewriter Exch. v. McGarl, 240 N. Y. 113; Wholesale Serv. Supply Corp. v. Wholesale Bldg. Materials Corp., 304 N. Y. 854; Hotel Syracuse v. Motel Syracuse, supra). It must be assumed that the public will use reasonable intelligence and discrimination (Wholesale Serv. Supply Corp. v. Wholesale Bldg. Materials Corp., supra).”
Judgment, accordingly, for the defendant.