Burke, J.
(dissenting). This court decided in Meneely v. Meneely (62 N. Y. 427, 431-432) more than 90 years ago — and the rule, well settled then, has been consistently followed ever since — that “ every man has the absolute right to use his own name in his own business, even though he may thereby interfere with or injure the business of another person bearing the same name, provided he does not resort to any artifice or contrivance for the purpose of producing the impression that the establishments are identical, or do anything calculated to mislead. Where the only confusion created is that which results from the similarity of the names the courts will not interfere. A person cannot make a trade mark of his own name, and thus obtain a monopoly of it which will debar all other persons of the same name from using their own names in their own business.” (See also Croft v. Day, 7 Beav. 84, 49 Eng. Rep. 994 [Ch., 1843]; Burgess v. Burgess, 3 DeG., M. & G. 896, 17 Eng. L. & E. 257, 22 L. J. Ch. 675 [1853]; Turton v. Turton, 42 Ch. D. 128, 140 [1889]; Howe Scale Co. v. Wyckoff, Seamans & Benedict, 198 U. S. 118, 135-136; Ryan & Son v. Lancaster Homes, 15 N Y 2d 812; Higgins Co. v. Higgins Soap Co., 144 N. Y. 462, 466- *22 468; Romeike, Inc. v. Romeike & Co., 179 App. Div. 712, 719-720; Hilton v. Hilton, 89 N. J. Eq. 182, 183-184.)
In the case before us, there is not the slightest support for any claim of dishonesty or deceit, not the slightest suggestion of a design on the part of the defendant to defraud or mislead the public or to palm off his business as that of his brother.* And this was the view of the Trial Judge below who granted the injunction solely on the strength of the possible confusion which would result from the defendant’s use of his own name. Thus, declaring that he did “not believe that Wally set out to deliberately exploit this good will and business reputation of the plaintiffs ” (47 Misc 2d 649, 652), the Judge specifically ruled that it was immaterial ‘ ‘ whether defendant intended to confuse and mislead, if in fact, his conduct tends or threatens to produce confusion.” (47 Misc 2d, p. 656; italics supplied.)
As the decisions cited above establish, proof of confusion — understandably inevitable when there is a similarity of name — is irrelevant since confusion resulting from the honest use of one’s own name is not actionable. This is especially appropriate in a case such as this, where the patrons or customers of the plaintiff and the defendant are discriminating and knowledgeable people usually intent on acquiring a particular work of art, people ordinarily fully aware that a desired painting or other work of art can be purchased only at a particular gallery and not apt to be misled into buying by a similarity of dealers’ names. Too, the evidence of confusion which, as stated, is the predicate for the injunction in this case — telephone calls to the wrong gallery, misdeliveries, visitors seeking paintings in one gallery exhibited at the other — is not unlike that presented in Wholesale Serv. Supply Corp. v. Wholesale Bldg. Materials Corp. (304 N. Y. 854, affg. 280 App. Div. 189, 190) and there held to be insufficient to justify the issuance of an injunction.
Moreover, there is no proof in this case of any actual damage suffered by plaintiff and in this respect it is similar to the Ryan case (15 N Y 2d 812, supra) in which this court decided that there must be shown, if not deception or palming off, at least real and substantial confusion plus damage resulting therefrom. *23 No such damage appears here although plaintiff seems mostly to fear that its reputation may in the end be somewhat diminished. The Ryan rationale is thus directly in point. Plaintiff seems to fear not present damage but damage in the future. It has proved no financial loss at all, shown no injury whatsoever; it has produced no customer or anyone else to testify that he was confused between the two galleries.
Despite the finding of no deceit and in the face of a claim of confusion far weaker than that proven in the cases to which we have referred, the court now refuses to apply the rule of law observed for over a century. The exception rests apparently on the singular circumstance that this competition is between siblings. We are unable to see why that should prompt the court to grant one brother the exclusive right to use the family name in connection with what was originally the family art business. We, therefore, perceive no valid basis for prohibiting the defendant from using his own name in the conduct of his business at 17 East 57th Street in New York City.
We would reverse the order appealed from and dismiss the complaint.
Chief Judge Desmond and Judges Van Voorhis and Bergan concur with Judge Keating; Judge Burke dissents and votes to reverse in an opinion in which Judges Fuld and Scileppi concur.
Order affirmed.

 In fact, the defendant has been in the art business, has used the name “Findlay” or “Findlay Galleries ” in the conduct of bis business throughout that entire period.