WESTCOTT CHUCK COMPANY, Appellant, v. ONEIDA NATIONAL
CHUCK COMPANY, Respondent.

Trade marks — manufacturers have right to protection against
unfair competition although patent has expired — stipulation
as to damages in action to restrain unfair competition.

When a patent has expired, the right to make the patented article passes
to the public. In such case, while the situation of a corporation which
held the patent is no better than if it had never obtained one, and though
it has lost its exclusive right to manufacture, it is still entitled to pro-
tection against unfair competition.

At the expiration of certain patents, defendant began the manufacture of
articles of the same character and style and of the same size as those made
by the plaintiff, and advertised such articles in such language and man-
ner as to convey to the trade and to intending purchasers that they were
the articles made by plaintiff, with the intent and purpose of deceiving
users of and dealers in the articles into the belief that defendant's articles
so advertised were manufactured by plaintiff and to thus enable defend-
ant to make sales which it could not otherwise have made. It also offered
such articles at a lower price than plaintiff was receiving therefor and
in advertising this product defendant duplicated many of the cuts in
plaintiff's advertisement and also its printed matter. *Held*, that the
trial court properly ruled that defendant had the right to manufacture
and sell articles which are duplicates of those manufactured by plain-
tiff, but had not the right to place on such articles or to use in advertising
the sale thereof the size number, numerals or the names adopted by the
plaintiff.

The parties stipulated as to the profit plaintiff would have made upon the
quantities of the articles in question which were sold by defendant, in
case they had been sold by plaintiff. *Held*, that by the stipulation the
parties intended to establish the rule of damages in case plaintiff was
successful, and that upon the findings of the trial court plaintiff is
entitled to recover such stipulated damages in part.

*Westcott Chuck Co.* v. *Oneida Nat. Chuck Co.*, 133 App. Div. 987, reversed.

(Argued June 15, 1910; decided September 27, 1910.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the third judicial department, entered
July 9, 1909, affirming a judgment in favor of plaintiff
entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*Edwin H. Risley* and *Henry M. Love* for appellant. The trial court erred in deciding in its first conclusion of law that the respondent corporation had the right to manufacture and sell drill chucks, which were duplicates of the two types of drill chucks manufactured by the appellant, as the "Little Giant Improved" and "Little Giant Double Grip" chucks. The thirty-second exception taken to this finding constitutes reversible error. (*Scriven* v. *North*, 134 Fed. Rep. 366; *Taber* v. *Hoffman*, 118 N. Y. 30; *Little* v. *Gallus*, 4 App. Div. 569.) Irrespective of patents or technical trade marks, trade names, trade numbers and other trade devices, the respondent has no right or authority in law to dress up its goods in such manner as to deceive an intending purchaser or purchasers and to induce them to believe that they are buying those goods of the appellant. (*Perry* v. *Trufitt*, 6 Beav. 66; *Croft* v. *Day*, 7 Beav. 84; *Lee* v. *Haley*, L. R. [5 Ch.] 155; *Wotherspoon* v. *Currie*, L. R. [5 H. L.] 508; *Johnson* v. *Ewing*, 5 L. R. [7 App. Cas.] 219; *Thomas* v. *Montgomery*, L. R. [41 Ch. Div.] 35; *Taylor* v. *Carpenter*, 2 Sandf. Ch. 603; *McLean* v. *Fleming*, 96 U. S. 245; *Boardman* v. *M. B. Co.*, 75 Conn. 402; *Coats* v. *Merrick*, 149 U. S. 562.) The conclusion of law that the plaintiff is entitled to recover of the defendant nominal damages only, which are fixed by the court at six cents, and the refusal of the court to find that the plaintiff's damages are $6,100, and the exception taken to the conclusion, and the refusal of the court to find the damages as stipulated and requested, constitute reversible error. (*Williams* v. *Mitchell*, 106 Fed. Rep. 186; *Hennessey* v. *W. L. Co.*, 103 Fed. Rep. 90; *Benkert* v. *Feder*, 34 Fed. Rep. 534; Brown on Trade Marks [2d ed.], 503; *Chapman* v. *Stoddard*, 34 Hun, 109; *Marsh* v. *Billing*, 7 Cush. 322; *Doyle* v. *Dixon*, 97 Mass. 208; *Stevens* v. *Phelps*, 2 Blatchf. 37; *Hostetter* v. *Vowinkle*, 1 Dillon, 329; *Taylor* v. *Carpenter*, 23 U. S. Fed. Cas. 744; *Shaw* v. *Billings*, 175 Penn. St. 78; *Faber* v. *Hovey*, 1 N. Y. Wkly. Dig. 529.)

*Richard R. Martin* and *Thomas A. Devereux* for respondent. Plaintiff was not entitled upon the facts found by the trial court to an injunction restraining defendant from making or selling drill chucks having a finish, form, size, proportion or arrangement of the parts like plaintiff's, nor to any broader injunction respecting the making or selling of drill chucks than is granted in the judgment. (*Fisher* v. *Blank,* 138 N. Y. 244; *Tabor* v. *Hoffman,* 118 N. Y. 30; *G. W. Co.* v. *F. M. Co.,* 119 Fed. Rep. 696; *D. Mfg. Co.* v. *S. T. & B. Co.,* 135 Fed. Rep. 625; *Brown* v. *Doscher,* 147 N. Y. 647; *F. Mfg. Co.* v. *Holway,* 178 Mass. 83; *Marvel Co.* v. *Pearl,* 133 Fed. Rep. 160; *D. M. Co.* v. *S. M. Co.,* 142 Fed. Rep. 727; *C. S. Co.* v. *S. C. S. Co.,* 118 Fed. Rep. 965; *S. L. Works* v. *Williams & Co.,* 121 Fed. Rep. 171; 127 Fed. Rep. 950; *R. S. D. G. Co.* v. *J. A. S. Co.,* 165 Fed. Rep. 639; *W. & G. S. M. Co.* v. *Gibbens Frame,* 17 Fed. Rep. 623.) Upon the evidence before the trial court, plaintiff was not entitled to recover more than nominal damages from the defendant. (*G. W. Co.* v. *F. M. Co.,* 119 Fed. Rep. 696; *Bender* v. *E. M. Co.,* 156 Fed. Rep. 641; *Baker* v. *Baker,* 115 Fed. Rep. 297; *Seymour* v. *McCormick,* 16 How. [U. S.] 480; *Garretson* v. *Clark,* 111 U. S. 120; *Baker* v. *Crane,* 138 Fed. Rep. 60; *Tomkinson* v. *Willets Co.,* 34 Fed. Rep. 536.)

Cullen, Ch. J. The action is to restrain unfair competition in trade, for damages and for an accounting of profits. The appellant is a manufacturer of drill chucks in Oneida, Madison county, of a design and character formerly protected by certain patents. At the expiration of the patents the defendant purchased some of these chucks and entered upon the manufacture of tools exactly the same in character and style and of the same size as those made by the plaintiff, and, as found by the trial court, " advertised its said chucks in such language and manner as to convey to the trade and to intending purchasers that defendant's chucks so advertised were plaintiff's said two styles of chucks ; that these acts and things

were done by defendant with the intent and for the purpose of deceiving dealers and users of chucks into the belief that the defendant's chucks so advertised were the plaintiff's chucks, and to thus enable the defendant to make sales of chucks and of parts of chucks which it could not otherwise make, and that defendant offered said duplicated chucks at prices lower than those which plaintiff was receiving for its chucks." It is also found that in advertising its product the defendant duplicated many of the cuts in plaintiff's advertisements and also its printed matter. The trial court held that the defendant had the right to manufacture and sell drill chucks which were duplicates of those manufactured by the plaintiff, known as " Little Giant Improved " and as " Little Giant Double Grip," but it had not the right to place on its chucks, or to use in advertising the sale thereof the size number numerals or the names adopted by the plaintiff, and awarded a permanent injunction restraining the defendant from such use. It refused to award the plaintiff damages on the ground that no damage to its business had been proved. From this judgment an appeal was taken to the Appellate Division, where the judgment was affirmed by a divided court.

The appellant's first contention is that the injunction awarded was not sufficiently broad. It is contended that the defendant should not have been allowed to make chucks precisely similar to its own. We cannot say that the trial court erred in this respect. The patents having expired, the right to make the patented article passed to the public. (*Singer Mfg. Co.* v. *June Mfg. Co.*, 163 U. S. 169.) Its situation was at least no better than if it had never obtained patents, and in such a case, as stated by Judge VANN in *Tabor* v. *Hoffman* (118 N. Y. 30) : "As the plaintiff had placed the perfected pump upon the market, without obtaining the protection of the patent laws, he thereby published that invention to the world and no longer had any exclusive property therein." (P. 35.) It is true that though the plaintiff had lost its exclusive right to manufacture, it was still entitled to protection against unfair competition (*Singer Mfg. Co.* v. *June*

*Mfg. Co., supra*), and the defendant invaded its right in so far as it sought to induce the public to believe that its product was the product of the plaintiff. To a certain extent, however, the mere duplication of the tool or machine manufactured by another may, in some cases, produce confusion in the minds of purchasers as to what manufacturer made the tool. So far as the duplication relates to details, proper or advantageous in the use of the tool or machine, it is open to all the public regardless of any confusion as to its source of manufacture that may be occasioned thereby. In *Cooke & Cobb Co.* v. *Miller* (169 N. Y. 475) it was said : " In the absence of some restriction upon the defendants arising out of the patent law, * * * the defendants had the right to manufacture and sell the article in question, although it was similar in general appearance and made from the same material and upon the same plan as the article made and sold by the plaintiff." (P. 477.) The evidence tends to show that the details of plaintiff's tool which the defendant copied were features or elements of the tool itself and therefore within the defendant's right to reproduce. The case before us differs from those of *Singer Mfg. Co.* v. *June Mfg. Co.* (*supra*) and *Herring-Hall-Marvin Safe Co.* v. *Hall's Safe Co.* (208 U. S. 554). In those cases the use of the name of the manufacturer was involved, an element not in the present case, and the injunction was directed solely against the use of the plaintiff's trade name without accompanying explanation that the articles were manufactured by the defendant.

We think, however, that the trial court erred in failing to award the plaintiff damages. The court doubtless felt controlled in this respect by the decision of the Appellate Division, made on an appeal from a previous trial of the case (122 App. Div. 260), in which it was held that in the absence of proof of damage no pecuniary recovery could be had. It is possible that in an action at law for damages proof of actual damage suffered by a plaintiff would be necessary to justify more than a nominal recovery. (Browne on Trade Marks, § 499 ; Paul on Trade Marks, § 324.) But this action is in equity. The plaintiff prayed as relief that the defendant

account for the profits made by it on its sales, and the law seems well settled that equity will treat the wrongdoer as a trustee for the plaintiff so far as the former has realized profits from its acts. (Browne on Trade Marks, § 506; Paul on Trade Marks, § 326. See cases there cited; *Singer Mfg. Co.* v. *June Mfg. Co., supra.*) It has been held in the United States Circuit Court of Appeals that the plaintiff is not limited to the profits realized by the defendant, but is entitled to what he would have made had the sales been made by him. (*Walter Baker & Co.* v. *Slack,* 130 Fed. Rep. 514.) Indeed, as said by Mr. Browne, after a review of the cases, it is difficult to lay down the exact rule for determining the measure of damages in the infringement of trade marks. It may depend upon the special circumstances of the case. The cases in this state on the subject are few. In *Champlin* v. *Stoddard* (34 Hun, 109) plaintiffs were allowed to recover the difference between the price that defendant realized and the cost at which the plaintiffs could have made the sales. The opinion, however, contains a strong intimation that the rule of damages was too favorable to defendant; that the plaintiffs should have recovered the profits that would have been realized had the sales been made at the prices at which they sold their goods. *Gillott* v. *Esterbrook* (47 Barb. 455) sustains the rule of damage upheld in the *Champlin Case (supra).* In Cox Trade Mark Cases (2d ed. 481) it is said that in *Faber* v. *Hovey* it was held by the General Term of the Supreme Court and affirmed by this court, that the plaintiff was entitled to the profits he would have made had he manu-factured and sold the articles sold by the defendant. The only report of the case is to be found in 73 N. Y. 592, where it is stated that the judgment was affirmed by a divided court without opinion. After examination of the printed record in the case we are not prepared to say that it is an authority for the broad proposition for which it is cited by Mr. Cox. The interlocutory judgment directed the defend-ants to account to the plaintiff for the profits realized by them together with such other damages as might appear.

The referee reported that the plaintiff's profits on the sale would have been a certain sum, and that as no positive evidence was given as to the profits realized by the defendants, he determined they were the same as those that would have been realized by the plaintiff. The affirmance of the judgment by this court seems at least authority to the effect that where no proof is given of the profits actually made by the defendants, the profits the plaintiff would have realized should establish the measure of damages. In the case before us, while the parties were proceeding with proof as to the cost of manufacture, this stipulation was entered into, as found by the trial court : " For the purpose of this trial only, and not to be used in any future trial of this suit, conceded that the defendant made and sold 3,672 drill chucks of the character claimed to be unfair in all or some features and that if the plaintiff had sold its own drill chucks in equal numbers, sizes and styles it would have made a total profit of $4,000 thereon. And, further, that the defendant made and sold certain parts for plaintiff's chucks, and for said alleged unfair chucks, and that if the plaintiff had made and sold an equal number of those similar parts it would have made $300 profit thereon. Further conceded for the purpose of this trial only, and not to be used in any future trial of this case, that if the court shall find that illegal competition of the defendant's was the sole cause of plaintiff's selling its drill chucks and parts in controversy in this case at increased discounts, then the plaintiff's loss by reason of said increase of discounts shall be taken to be the sum of $1,800." After this stipulation was made, by consent of the defendant, the evidence on the subject of profits already taken was stricken out. Whatever may be the general rule on the subject, this state of the record seems to bring the case within the decision in *Faber* v. *Hovey (supra)*, and we think it may further be said that by the stipulation the parties intended to establish the rule of damages in case the plaintiff was successful. There is no finding by the trial court that would justify an award to the plaintiff of the sum of $1,800, specified in the last clause of the stipulation, but

on the findings and stipulation the plaintiff was entitled to recover the sum of $4,300, as of the date of the judgment.

The judgment of the Appellate Division should be reversed and that of the Special Term modified, so as to award the plaintiff the sum of $4,300, as of the 11th of December, 1908, and as modified affirmed, with costs to the appellant in the Appellate Division and in this court.

Gray, Haight, Vann, Willard Bartlett, Hiscock and Chase, JJ., concur.

Judgment accordingly.