MARTIN H. SMITH COMPANY, Appellant, *v.* AMERICAN PHARMACEUTICAL COMPANY, INC., et al., Respondents.

(Argued January 16, 1936, decided March 3, 1936.)

*George Gordon Battle, Sylvester J. Liddy, Orson D. Munn*
and *John H. Glaccum* for appellant. The trial court
erred in holding that the defendants have not committed
any acts calculated or intended to trade on the reputation
of the plaintiff, and that the defendants have not com-
mitted any acts for the purpose of misleading or deceiving
the public into believing that the defendant corporation's
product is the plaintiff's product; nor is the defendant
corporation's package calculated to cause such deception,
nor has the public been misled or deceived by any acts
of the defendant corporation. (*Fairbank Co.* v. *Bell Mfg.
Co.,* 77 Fed. Rep. 869; *McLean* v. *Fleming,* 96 U. S. 245;
*Paris Medicine Co.* v. *Hill Co.,* 102 Fed. Rep. 148; *Chese-
brough Mfg. Co.* v. *Old Gold Chemical Co.,* 70 Fed. Rep.
[2d] 383; *Dutton & Co.* v. *Cupples,* 117 App. Div. 172;
*American Chain Co.* v. *Carr Chain Works, Inc.,* 141 Misc.
Rep. 303; *Williamson Candy Co.* v. *Ucanco Candy Co.,*
3 Fed. Rep. [2d] 156; *Siegert* v. *Finlatter,* 7 Ch. Div. 801;
*Dixon Crucible Co.* v. *Guggenheim,* 2 Brewst. 321; *Amoskeag
Mfg. Co.* v. *Spear,* 2 Sandf. 599; *Matter of United States
Mercantile Rep. Co.,* 21 N. E. Rep. 1034; *Coca-Cola Co.*
v. *Gay-Ola Co.,* 200 Fed. Rep. 720; *Watkins Co.* v. *Hill
Products Co.,* 9 T. M. Rep. 502; *Mainzer, Inc.,* v. *Gruberth,*
237 App. Div. 89; 262 N. Y. 484; *Phenix Cheese Co.* v.
*Kirp,* 176 App. Div. 735; *McLean* v. *Fleming,* 96 U. S.
245; *Garrett & Co.* v. *Schmidt Bros. Wine Co.,* 256 Fed.
Rep. 943.)

*Louis D. Frohlich, Nathan Burkan, Herman Finkelstein
Albert T. Scharps* and *Louis Barnett* for respondents.
Plaintiff has no right to a monopoly in the size of its
package or in the tin can and the arrangement for holding

the capsules. (*Viavi Co.* v. *Vimedia Co.*, 245 Fed. Rep. 289; *Parker Pen Co.* v. *Finstone*, 7 Fed. Rep. [2d] 753; *Morgan's Sons Co.* v. *Troxell*, 89 N. Y. 292; *Fairbank Co.* v. *Bell Mfg. Co.*, 77 Fed. Rep. 869; *Roncoroni* v. *Gross*, 92 App. Div. 221; *Handel Co.* v. *Jefferson Glass Co.*, 265 Fed. Rep. 286; 277 Fed. Rep. 1015; *Wrisley Co.* v. *Iowa Soap Co.*, 122 Fed. Rep. 796; *Canal Co.* v. *Clark*, 80 U. S. 311.) The findings of fact and conclusions of law are amply sustained by the evidence. (*Cooke & Cobb Co.* v. *Miller*, 169 N. Y. 475.)

*Per Curiam.* In this action to enjoin defendants from using the word " Ergot-Apiol " in advertising and selling their product, the following facts have been found:

During the year 1900 plaintiff obtained a trade-mark registration for its preparation under the name " Ergo-apiol " and has since used that designation. The principal ingredients are ergot and apiol. Many other manufacturers prior to and subsequent to the year 1900 have sold preparations having the same principal ingredients under the names " Ergot-Apiol Compound," " Ergot & Apiol Com.," " Ergot and Apiol Comp.," "Apiol and Ergotin Compound," "Apiol and Ergotin," " Ergot and Apiol," " Ergot and Apiol Capsules," "Apiol and Ergot " and " Ergot-Apiol capsules." Since the year 1926 defendants have sold capsules containing ergot and apiol and in the year 1927 placed upon the market a square cardboard box containing twenty-four capsules and sold its preparation under the designation " Ergot and Apiol Compound." In June, 1932, defendants changed the name of their product and the method of packing. They changed the name from " Ergot and Apiol Compound " to " Ergot-Apiol," and the receptacle, upon which the new name is printed, from a square cardboard box to a yellow tin box encased in cellophane. In addition to these findings, the undisputed proof is that the contents of defendants' package were reduced from twenty-four capsules to twenty capsules, the new tin box,

instead of colored cream and brown, was very similar in color to plaintiff's yellow tin box and, although differing slightly in detail, was substantially the same size and shape. Defendants changed the manner of packing from a criss-cross inlay to a nest inlay nearly, if not quite, identical to the one used by plaintiff. The result of these changes is that the new name of defendants' product bears an extraordinary similarity to the name of plaintiff's product and that defendants' new package closely resembles plaintiff's package while the old name of their preparation was readily distinguishable from plaintiff's and that defendants' old package was entirely different and distinct from plaintiff's. There is also proof that defendants' selling agent wrote upon their printed price list "Ergot-Apiol capsules Similar Packages to Smith's" and delivered it to a druggist. In two hundred and seventy-eight visits to drugstores where plaintiff's witnesses asked for Ergoapiol, the salesmen in forty-two instances delivered defendants' product, Ergot-Apiol.

The courts below have found as facts that defendant corporation has not at any time adopted or used a package similar to plaintiff's package and that defendants have not committed any acts for the purpose of misleading or deceiving the public into believing that defendant corporation's product is the plaintiff's product, nor is the defendant corporation's package calculated to cause such deception nor has the public been misled or deceived as the result of any acts of the defendant corporation. We think that there is no evidence to support such findings but that on the contrary the evidence leads inevitably to the opposite result.

The judgments should, therefore, be reversed and judgment directed for the plaintiff as demanded in the complaint, with costs in all courts.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Judgments reversed, etc.