**SWANSON MFG. CO. et al. v. FEINBERG–HENRY MFG. CO., Inc., et al.**

District Court, S. D. New York.

Feb. 1, 1944.

Munn, Liddy & Glaccum, of New York City (John H. Glaccum, of New York City, of counsel), for plaintiffs.

George M. Glassgold, of New York City (Irving F. Goodfriend, of New York City, of counsel), for defendant Feinberg-Henry Mfg. Co., Inc.

Jacob B. Goldberg, of New York City, for defendants Columbia Manufacturing Co. and E. Behrman & Co.

LEIBELL, District Judge.

Plaintiff sued for patent infringement and for unfair competition. The case was tried before me in May, 1943. On July 12th I made findings of fact and conclusions of law and filed an opinion herein. 54 F.Supp. 805. I dismissed the patent suit for want of invention and I held that if the patent had been valid defendants would have infringed because they had deliberately copied plaintiff's coin rack purse. I found that defendants, Feinberg-Henry Mfg. Co., Inc. and Columbia Manufacturing Co., had competed unfairly in using plaintiff's advertising slogan and other material in promoting the sales of their own articles and in using similar counter cards or containers. I held that defendants were liable for plaintiff's damage and should be required to account to plaintiff for all the profits they had made on the sales of their own purses in which the unlawful acts of unfair competition had been committed.

Thereafter proposed interlocutory judgments were submitted and I signed and entered a judgment on August 14th, 1943.

On August 20, 1943, plaintiff's attorney served a notice to resettle the interlocutory judgment so as to more specifically require defendant to account for all profits. On September 13, 1943, defendants, Feinberg-Henry Mfg. Co., Inc., and Columbia Mfg. Co., moved to reopen the case and for a rehearing on the issue of unfair competition.

On September 22, 1943, I granted defendant's motion and denied plaintiff's motion, because it became unnecessary to reconsider the terms of a judgment that was being vacated. On September 27th an order was entered providing "that the Interlocutory Judgment entered on the 14th day of August 1943" be vacated, and a day was set for the introduction of "further testimony respecting the claim of unfair competition with the plaintiffs by the defendants". Additional testimony was taken at various times thereafter and on December

818

23rd proposed supplemental findings were submitted.

The record has not been changed very much by the additional testimony. On the plaintiff's use of the selling slogan "A new smart way to carry money" in pushing its money rack purse, the defendants offered copies of advertisements of manufacturers of other products where the words "new way" were employed in describing the use to which a device or product might be put. As instances—in December, 1926, the Buxton Co. advertised a keytainer—"a new and better way to carry keys"—"a new and safer way to care for keys"; and in September, 1931, the "new loose leaf method of carrying keys". There were also other advertisements for "a new way to wash cars"; "a new way to refine oil"; "a new quick way to gain weight"; "a new way to increase weight"; "a new way to save gas"; an "amazing new way to fix things"; "a new way to shave". A competitor, in April and June, 1940, advertised "the smart new way to carry keys".

While that may prove that other manufacturers have used the words "new way" in describing the usefulness of their products, it does not detract from the fact that the slogan "The new way to carry money" had appeared on the Swanson Manufacturing Co. letterhead (Ex. 83) in association with its Jiffy Coin Holder in 1934 and that plaintiff had used that slogan and another—"A new smart way to carry money" —on its boxes and counter cards and in its advertising, through the years. The slogan became identified with the plaintiff's Jiffy Coin Holder purses in the trade and in the mind of the purchasing public. As a tribute to its value in this connection, defendants deliberately copied and used it in the sale of their own coin rack purses. (See Exhibits 52 and 53 as to defendant Columbia; and Exhibits 26 and 27 as to defendant Feinberg-Henry.) It was also shown by plaintiff, when the case was reopened, that defendant Columbia used plaintiff's trade mark "Jiffy" on a postal card (Ex. 84) in the sale of its Scotch Coin Purses. On the post card the same prominence in large heavy type was given to the words "Scotch Coin Purses" as to the word "Jiffy", as if they meant the same thing. Plaintiff's purses had been known as Jiffy purses for years and the trade mark "Jiffy" had been registered since 1928. At the time defendant Columbia used this post card (Ex. 84) Columbia was not selling Jiffy purses, although it had sold them up to a year before.

The decisions hold that a manufacturer who deliberately copies a competitor's wares, containers, advertising matter, trade name and the like competes unfairly and must be presumed to have done those acts with the intention of misleading the purchasing public and thus acquiring some of his competitor's good will and business. If he had the intention of misleading the public "his purpose is some evidence that there is a confusing similarity" (Eastern Wine Corp. v. Winslow-Warren, Ltd., 2 Cir., 137 F.2d 955, at page 960), and the law will protect "the businessman who has gained a strategic advantage, through building up of good-will, against unfair practices of competitors who desire to poach on that good-will." (page 958 of 137 F.2d) See, also, Smith Co. v. American Pharmaceutical Co., 270 N.Y. 184, 200 N.E. 779.

Some of plaintiff's advertising matter copied and used by defendant Feinberg-Henry was copyrighted. Defendant argues that plaintiff's remedy is for violation of the copyright and not for unfair competition. More than one tort may be involved in the illegal practices that are the basis for the cause of action known as unfair competition. Where a manufacturer, for the purpose of selling a similar manufactured product, uses his competitor's advertising material, part of which is copyrighted, he may be sued for unfair competition, and the copyright infringement is merely one illegal act of the illegal scheme to appropriate his competitor's good will and profits. For an analogous situation see Underhill v. Schenck, 238 N.Y. 7, at page 14, 143 N.E. 773, 33 A.L.R. 303.

As a result of the additional testimony taken at the hearings after the case was reopened, plaintiff's position has not been weakened. Exhibit 84, the post card sent out to the trade by defendant Columbia, is further proof of Columbia's intention to compete unfairly—in that instance by using plaintiff's registered trade mark "Jiffy" something that was not shown at the first trial. Further, I am now more strongly of the opinion that defendant, Feinberg-Henry, had the plaintiff's plastic coin rack before it (although this was denied by its president) when ordering the mould for its own plastic coin rack. While they had the right to copy the plaintiff's plastic coin rack purse (the plaintiff's patents being invalid), the defendants were charged with

the duty to clearly identify their product "lest it be mistaken for that of the plaintiff." Kellogg Co. v. National Biscuit Co., 305 U.S. 111, 59 S.Ct. 109, 114, 83 L.Ed. 73. But in order to help the sale of its plastic product, defendant Feinberg-Henry used a counter card, with an illustrative design and printed instructions very similar to that used by plaintiff in marketing its metal coin rack.

I therefore adhere to my conclusion that defendants, Feinberg-Henry and Columbia, have competed unfairly with plaintiff and that plaintiff is entitled to an injunction, to damages, and to all the profits defendants made on the coin rack purses they sold, where any of the unfair practices were used. Westcott Chuck Co. v. Oneida Nat. Chuck Co., 199 N.Y. 247, at page 252, 92 N.E. 639, 139 Am.St.Rep. 907, 20 Ann.Cas. 858; Michel Cosmetics, Inc. v. Tsirkas, 282 N.Y. 195, 26 N.E.2d 16; Warren, Inc. v. Turner's Gowns, Ltd., 285 N.Y. 62, at page 68, 32 N.E.2d 793.

I have made certain changes in the findings of fact and conclusions of law originally filed herein and some additions thereto. The findings and conclusions as thus amended are the Court's compliance with Federal Rules of Civil Practice, rule 52(a), 28 U.S.C.A. following section 723c. Submit proposed interlocutory decree on two days' notice.