LISLE MILLS, Inc. v. ARKAY INFANTS
WEAR, Inc. et al.

Civ. 9580.

United States District Court
E. D. New York.

April 4, 1950.

Lackenbach & Hirschman, New York City, for plaintiff (Armand E. Lackenbach, New York City, of counsel).

Harry Price, New York City, for defendants.

KENNEDY, District Judge.

Plaintiff moves for an order (1) to strike a jury demand filed by the defendant Arkay Infants Wear, Inc. (Arkay), (2) to strike various paragraphs of defendants' answer and counterclaim, and (3) for summary judgment in plaintiff's favor. Defendant Arkay moves to dismiss the complaint on the ground that plaintiff is disabled to sue because, while doing business in the state of New York, it has not complied with General Corporation Law of New York, Consol.Laws, c. 23, Sections 210, 218, to the effect that a foreign corporation may not do business in the state without first obtaining a certificate of authority. In connection with the same motion defendants move for security for costs. Lisle Mills, Inc. is a Pennsylvania corporation; both defendants are New York corporations.

▆ The defendants' motion to dismiss the complaint should, I think, be dealt with at the outset. Prior to the decision in Erie

R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, it was undoubtedly the law that a state statute, which denied access to its courts by foreign corporations doing business without a certificate, had no effect on federal court jurisdiction even under diversity of citizenship. David Lupton's Sons Co. v. Automobile Club, 1912, 225 U.S. 489, 32 S.Ct. 711, 56 L.Ed. 1177, Ann.Cas.1914A, 699. However, the view of diversity jurisdiction established by the Tompkins case changed this concept, Angel v. Bullington, 1947, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832; Woods v. Interstate Realty Co., 1949, 337 U.S. 535, 69 S.Ct. 1235, 93 L.Ed. 1524. But the case at bar is one where the plaintiff seeks a judgment declaring that certain letters patent owned by the defendants are invalid and void, or, if valid, are not infringed. (The plaintiff asks for equitable relief.) Hence, even though diversity of citizenship is shown, a scrutiny of the complaint alone reveals that the case also involves federal questions. On the latter branch of the case, therefore, the controversy is outside the diversity jurisdiction and no power, I should think, resides in the legislature of the state in such a case to close not only its own courts but also the federal courts to a suitor who, it may be assumed, is doing business in the state without authority. I have not been able to find any controlling precedent, but any other result would be inconsistent with Guaranty Trust Co. of New York v. York, 1945, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079, 160 A.L.R. 1231 since the main right invoked by plaintiff is federal, not state-created.[1]

I turn now to the motions on the part of the plaintiff.

▆▆ Paragraph 7 of the answer alleges that the suit is not brought by the real party in interest, and that the proper venue is not in this district but in the Southern District of New York. Plaintiff's motion to strike this paragraph is based upon prior proceedings in this court in the same suit, notably an order by Judge Galston entered on June 27, 1949. I have examined those papers and it is clear that heretofore de-

---

1. The contested fact issue, i. e., "doing business", I need not and do not decide.

678

fendants sought to take advantage by motion of the defense of improper venue (Rule 12 (b), *Federal Rules of Civil Procedure*, 28 U.S.C.A.) and that Judge Galston overruled that defense. Judge Galston's decision becomes the law of the case, and even if it be erroneous, which I do not for one moment suggest, defendants have not waived their objection to venue and have preserved whatever rights they may have. Since the relevant rule R. R. C. P. rule 12(b) speaks of an option between raising such questions by motion or by pleading, it is clear that defendants ought not be permitted to use both procedures, and thus inject matter into the trial which has been set at rest by an adverse decision, conclusive on the trial court.

Another branch of plaintiff's motion is directed against the counterclaim pleaded by defendant Arkay. There was needless controversy between the parties concerning whether plaintiff's motion was merely to strike certain references in the counterclaim to a defendant as yet unserved or whether, on the other hand, plaintiff's motion was intended as an attack against the paragraphs as a whole. I shall place the latter and broader construction on the motion. So construed, that branch of the motion differs very little from an additional branch under which plaintiff seeks summary judgment. The contention of plaintiff is that there is no substantial issue concerning validity or infringement and that it should have summary judgment. It also asserts that the counterclaim, which is for unfair competition, does not stand in the way, because the court can determine on affidavits and the patents themselves that defendants are entitled to no relief on the ground of unfair competition. Here plaintiff's point is that defendants' patent is void for want of invention to the extent that it relates to functional features, and that when plaintiff applied for a patent (which, according to plaintiff, is invalid), defendant Arkay waived any possible claim of unfair competition (citing Philadelphia Leather Goods Corp. v. Finkelstein, et al., a state court case, 84 U.S.P.Q. 51).[2]

The short answer to these contentions on the part of the plaintiff is that, while the case is not particularly complicated, there are real issues and no time would be saved by an attempt to decide all or even some of these issues in a summary way. Bozant v. Bank of New York, 2 Cir., 1946, 156 F.2d 787.

There remains only to be considered plaintiff's application to strike the demand of Arkay for a jury trial on the issue of unfair competition raised by the counterclaim. Plaintiff's complaint, it will be remembered, seeks equitable relief on the basis that the patents owned by defendant Arkay are either invalid or not infringed. Arkay's counterclaim seeks only damages for unfair competition, although it does ask for "such other relief as may be proper in the premises". Plaintiff says that defendant is not entitled to a jury, citing Bellevance v. Plastic-Craft Novelty Co., D.C. Mass., 1939, 30 F.Supp. 37, and Beaunit Mills, Inc., v. Eday Fabric Sales Corporation, 2 Cir., 1942, 124 F.2d 563. But in a case very similar to the case at bar it was held that a defendant asserting a counterclaim, seeking only legal relief, is entitled to a jury trial. General Motors Corporation v. California Research Corporation, D. C.Del., 1949, 9 F.R.D. 565, citing Ring v. Spina, 2 Cir., 1948, 166 F.2d 546, 550. The basic nature of Arkay's claim for relief is for the violation of a common-law right, namely, protection against unfair competition. It seeks merely damages, and I would surely be over-technical to deny it a constitutionally protected right, because the pleader used the "other and different relief" formula, probably automatically. This counterclaim, I take it, is one that Arkay has no alternative except to assert, i. e., it is a compulsory counterclaim (F.R.C.P. rule 13(a) ). Therefore, to deny Arkay a jury would be tantamount to a holding that a plaintiff in a patent suit can become so far master of the litigation that merely by

---

2. But see Swanson Mfg. Co. v. Feinberg-Henry Mfg. Co., D.C.S.D.N.Y., 1943, 54 F.Supp. 805; Westcott Chuck Co. v. Oneida Nat. Chuck Co., 1910, 199 N.Y. 247, 92 N.E. 639, 139 Am.St.Rep. 907, 20 Ann.Cas. 858.

framing his complaint for equitable relief he can deprive a counterclaiming defendant of a jury trial or, in the alternative, have the benefit of the doctrine of *res judicata,* if the defendant fails to assert his compulsory counterclaim. This would certainly be a novel result of the attempt made by the framers of the rules to fuse law and equity, to say nothing of their manifest purpose to end all of the controversies between the parties in one litigation. To put it shortly, to strike defendants' demand for a jury would negative the concept, basic in the rules, of a "just, speedy, and inexpensive determination of every action". I refuse to construe them in that way, and I deny plaintiff's motion to strike the jury demand.[3]

Defendants' motion to dismiss the complaint is denied. They are, however, entitled to an order for security for costs. Plaintiff's motion is denied in its entirety, except for that branch under which plaintiff seeks an order striking paragraphs 7th and 8th of the answer: this is granted. Settle order on notice.

---

**3.** I have not lost sight of the fact that a jury trial here may produce confusion instead of clarity. But discretion is not involved.