**In re Charoan E. HALLYBURTON, AKA Charoan E. Broun, Debtor.**

**TANDY CREDIT, Plaintiff,**

**v.**

**Charoan E. HALLYBURTON, AKA Charoan E. Broun, Defendant.**

**Bankruptcy No. 93–1–4872–SD. Adv. No. 93–1A690–SD.**

United States Bankruptcy Court, D. Maryland, at Rockville.

Jan. 27, 1994.

Christine T. Altemus, Church & Houff, P.A., Baltimore, MD, for plaintiff Tandy Credit.

Charles H. Slingluff, Frederick, MD, for defendant Charoan E. Hallyburton, a/k/a Charoan E. Broun.

## OPINION

DUNCAN W. KEIR, Bankruptcy Judge.

Defendant/Debtor has brought a Motion to Dismiss the Complaint of Tandy Credit on the grounds that the Plaintiff is not a corporation which exists in, or is licensed to do business in the State of Maryland. Apparently, the Movant is asserting the "door closing" statute of Maryland found in Section 7–301 of the Corporations and Associations Article of the Annotated Code of Maryland. This statute provides:

> If a foreign corporation is doing or has done any intrastate, interstate, or foreign business in this State without complying with the requirements of Subtitle 2 of this title, neither the corporation nor any person claiming under it may maintain a suit in any court of this State unless it shows to the satisfaction of the court that:
>
> (1) The foreign corporation or the person claiming under it has paid the penalty specified in § 7–302 of this subtitle; and
>
> (2) Either:
>
> (i) The foreign corporation or a foreign corporation successor to it has complied with the requirements of Subtitle 2 of this title; or
>
> (ii) The foreign corporation and any foreign corporation successor to it are no longer doing intrastate, interstate, or foreign business in this State.

Md.Code Ann.Corps. & Ass'ns § 7–301 (1993).

The United States Bankruptcy Court for the District of Maryland, while located in Maryland, is not a Court of Maryland. However, under the principles set forth in *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), the "door closing" statute of Maryland is applicable in the Federal Courts, where the matter before the Court is a state cause of action. *United Merchants and Manufacturers, Inc. v. David & Dash, Inc.,* 439 F.S. 1078, 1086 (D.Md.1977); *Premier Industrial Corp. v. Nechamkin,* 403 F.S. 180 (D.Md. 1975).

As the United States Court of Appeals for the Sixth Circuit stated in ruling

upon the applicability of a similar "door closing" statute in Ohio:

> If the court's jurisdiction in this case rested not on diversity of citizenship, but rather on its function as a national court to enforce a substantive right created by Congress, then any limitations which Ohio imposes on its courts would be irrelevant. *Lisle Mills v. Arkay Infants Wear,* D.C.E.D.N.Y.1950, 90 F.Supp. 676; see *Holmberg v. Armbrecht,* 1946, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743.

*Lyon v. Quality Courts United, Inc.,* 249 F.2d 790, 793 (6th Cir.1957). In the instant case, the cause of action before this Court is to determine whether a debt is non-dischargeable pursuant to 11 U.S.C. § 523(a)(6). This is not a state cause of action and the matter is certainly not before this Court upon diversity jurisdiction. The discharge afforded to a debtor pursuant to 11 U.S.C. § 727 and the right to have a particular claim excepted from discharge pursuant to 11 U.S.C. § 523, are substantive rights created by Congress. Accordingly, this adversary proceeding is not subject to the "door closing" statute of the Maryland Code. For these reasons, the Motion to Dismiss is denied.