### COOKE & COBB CO. v. MILLER et al.

(Supreme Court, Appellate Division, First Department. July 17, 1900.)

TRADE-MARKS—APPROPRIATION OF WORDS—WORDS OF QUALITY.

    In an action for infringement of a trade-mark, the evidence showed that plaintiff's letter file was labeled with a circle inclosing the words, "The Improved, Best, Favorite, Cheapest Letter and Invoice File." The label of defendants' letter file was on a plain sheet of different color from plaintiff's, and contained only the words, "The Favorite Letter and Invoice File," and was entirely different in design and appearance from plaintiff's. There was no evidence that defendants sought to place their goods on the market as those of plaintiff. Held, that the word "Favorite" is not subject to exclusive appropriation as a trade-mark, even in combination with the words "Best and Cheapest."

    Van Brunt, P. J., dissenting.

Appeal from special term, New York county.

Action by the Cooke & Cobb Company against Andrew Miller and others. From a judgment for defendants, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Adam Wiener, for appellant.

Philip L. Wilson, for respondents.

PATTERSON, J. The plaintiff is a corporation engaged in the business of manufacturing and selling stationery, and among other things a letter and invoice file, in connection with which it claims a trade-mark right to the use of the word "Favorite," printed upon a label claimed to have been adopted as a distinguishing mark, applied and affixed to their letter and invoice file and the wrappers thereof. They allege that they have built up a large business in the manufacture and sale of the files, and that the defendants have infringed their right by adopting for an invoice file made by them a label with the word "Favorite" displayed upon it in such a way as to deceive the public, and that they attempt to palm off their goods as those of the plaintiff. The ordinary allegations in actions for the infringement of trade-marks are contained in the complaint. An injunction was sought, and a claim for damages is also made. The defendants admit that they manufacture letter and invoice files, and

that they place upon their goods a label upon which the word "Favorite" is displayed, but they deny the charges of fraud• and deceit.

The evidence in the case fails to show that the defendants designedly or fraudulently sought to place their goods upon the market as those of the plaintiff. Specimens of the labels used by both parties appear in the record, and it is apparent from an inspection that even a casual observer would not be deceived by, or mistake the defendant's label for, that of the plaintiff. The plaintiff's label consists of a device or design of a circle in which are inclosed the words, "The Improved, Best, Favorite, Cheapest Letter and Invoice File." The plaintiff's name does not appear on it. The defendants' label is on a plain sheet, differing in color from that of the plaintiff, without the circle, and containing only the words, "The Favorite Letter and Invoice File." In design and appearance the two labels are entirely different. There is no question in the case of illegitimate competition or of fraudulent acts upon the part of the defendants, and the only right which the plaintiff could assert is to the exclusive proprietorship of the word "Favorite" as a trademark designation.

We agree with the trial judge that the word is not one which can be made the subject of an exclusive proprietary right as a trademark. It does not indicate either ownership or origin of the goods of the plaintiff. It is only an adjective which, if descriptive of anything, refers to quality. Any one is entitled to describe the articles manufactured and sold by him as being favorite, or desirable, or superior, or unrivaled, or peerless, if he chooses so to do. The adjectives of the English language are the common property of all who speak and write it. There may be such a combination of words as would entitle a person to the use of an adjective in that combination, where there is an arbitrary and fanciful designation, as in the cases of "Sliced Animals," in Selchow v. Baker, 93 N. Y. 59; or "Pride Cigar," in Hier v. Abrahams, 82 N. Y. 519; or "Ideal Fountain Pen," in Waterman v. Shipman, 130 N. Y. 301, 29 N. E. 111. Those cases proceed upon the principle that where a manufacturer invents a new name, and applies it to his wares to distinguish them from others, and it is not generic or descriptive, but arbitrary and fanciful, the right to use the name will be protected as a trade-mark. But the word "Favorite," even in combination with the words "Best and Cheapest," indicates nothing but an owner's appreciation of the value or quality of the article or merchandise he offers for sale to the public.

The judgment dismissing the complaint was right, and should be affirmed, with costs. All concur, except VAN BRUNT, P. J., who dissents.