## CAR ADVERTISING CO. v. NEW YORK CITY CAR ADVERTISING CO.

(Supreme Court, Special Term, New York County.   December 9, 1907.)

TRADE-MARKS AND TRADE-NAMES—NAMES SUBJECT TO OWNERSHIP.

> Plaintiff, the "Car Advertising Company," was not entitled to have defendant restrained from using the name "New York City Car Advertising Company," the expression "car advertising" being a general term appropriately descriptive of the business, and one which cannot be exclusively appropriated by any one.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trade-Marks and Trade-Names, §§ 1, 2, 4, 4½, 13.]

Action by the Car Advertising Company against the New York City Car Advertising Company.   Motion by plaintiff for an injunction pendente lite.   Denied.

Guggenheimer, Untermeyer & Marshal (Louis Marshal, of counsel), for the motion.

Einstein, Townsend & Guiterman (B. F. Einstein, of counsel), opposed.

GIEGERICH, J.   The plaintiff seeks an injunction pendente lite restraining the defendant from using the name "New York City Car Advertising Company."   The facts are as follows:   From 1897 until the summer of 1901 Henry Wineburgh, Jesse Wineburgh, and Abraham Wineburgh, brothers, were the owners of the Railway Advertising Company, a corporation, and were engaged in the business of advertising in cars.   Some time in 1900 or 1901 differences arose between Henry on the one hand and the other two on the other hand, and the former withdrew and organized the plaintiff corporation under the laws of the state of New York, and is the owner of nearly all of its stock, and is now and has always been the president of the company.   Abraham and Jesse continued the old business under the old name of the "Railway Advertising Company," but in the spring or summer of 1907, another company of a somewhat similar name having started in business in New York City, they adopted, instead of their old name, the present designation, the "New York City Car Advertising Company."   The plaintiff company's operations are carried on principally in the city of Philadelphia, but its home office and the place

where all contracts are approved is in New York City, at No. 527 Fifth avenue. Henry Wineburgh is its president, and is so advertised. The defendant company controls the advertising space in all the surface cars in the boroughs of Manhattan and the Bronx, and has its place of business on Fifth avenue, near Twenty-Sixth street, having recently moved there from Broadway. Its president is Abraham Wineburgh. The plaintiff complains that there has been confusion in the delivery of mail, and in other respects the one company being mistaken for the other, and instances a number of such cases. On behalf of the defendant it is shown that there are various corporations engaged in similar business, which have as part of their names the words "car advertising company"; among such being the Intercity Car Advertising Company, which has its principal office in Brooklyn, and the New Jersey Car Advertising Company, which has its principal office in Newark, N. J. The expression "car advertising" is a general term appropriately descriptive of the business, and the authorities are to the effect that such a term cannot be exclusively appropriated by any one. In Farmers' Loan & Trust Co. v. Farmers' Loan & Trust Co. of Kansas, 1 N. Y. Supp. 44, the court said:

. "Nor could the first national bank established enjoin every other bank from using the name 'First National Bank.' Nor could the Mechanics' National Bank of New York enjoin the Mechanics' National Bank of New Jersey. * * * The name 'Loan & Trust Company' is not an uncommon one as applied to certain monetary institutions. And it would seem that the prefix 'Farmers' has been applied to designate companies engaged in similar business in different states."

And the court held that it was not therefore such an arbitrary and exclusive designation of a particular corporation (as distinguished from a class) as would entitle it per se to be protected from infringement. So, too, in Koehler v. Sanders, 122 N. Y. 65, 25 N. E. 235, 9 L. R. A. 576, the International Banking Company was refused an injunction restraining the defendants from advertising under the name "International Bank." In Matter of U. S. Mort. Co., 83 Hun, 572, 32 N. Y. Supp. 11, the United States Mortgage Company wished its name changed to the United States Mortgage & Trust Company. Its application to the court for permission to make such change was opposed ·by the United States Trust Company of New York on the ground that the similarity of names would create confusion. The general term held that the application should be granted on the ground that to entitle a name to equitable protection as a trade-mark the right to its use must be exclusive, and not one which others may employ with as much truth as those who use it. In Hygeia Water Ice Co. v. N. Y. Hygeia Ice Co., Lim., 65 Hun, 619, 19 N. Y. Supp. 602, the court, after referring to the general rule that apart from any statute a corporation has a right to the exclusive use of its name, and that this would be protected upon the same principle that persons are protected in the use of trade-marks, observed that this general statement of the rule is subject in this state to the limitation that no corporation can lawfully appropriate as its exclusive name words necessary to describe the business intended to be conducted. My conclusion is that neither upon the principle of the proprietary right nor upon the prin-

ciple of being protected against unfair competition has the plaintiff made out a case. See Day v. Webster, 23 App. Div. 601, 49 N. Y. Supp. 314. It is plain that there has been in the past, and doubtless there will continue to be in the future, more or less of confusion and of mistakes made, such as in sending mail, telegrams, and telephone messages to the two companies. But this ought not to be held due to the act of the defendant, but rather to the act of the plaintiff, which adopted a generic and descriptive term for its corporate name without adding any distinguishing word whatever. There is no evidence to show that the defendant has done anything to encourage or increase such mistakes on the part of the customers of the two companies; but, on the contrary, has sought by means of carefully selected and printed stationery and otherwise, including the mailing of about a quarter of a million circulars, to distinguish itself from other companies engaged in the same line of business. It might also be observed that there is apparently every motive of self-interest impelling the defendant to take such course, because it has a monopoly of the most valuable car advertising business in this city, while at the present time the plaintiff is doing none at all. So far as inconvenience to the public is concerned, a remark made by the Court of Appeals in Hygeia Water Ice Co. v. N. Y. Hygeia Ice Co., Lim., 140 N. Y. 94, 35 N. E. 417, is in point, which was to the effect that courts of equity must in cases like this assume that the public will use reasonable intelligence and discrimination with reference to names of corporations with which they are dealing or intend to deal, the same as in the case of individuals bearing the same or similar names.

The motion is denied, with $10 costs.