### STERLING PRODUCTS CORPORATION v. STERLING PRODUCTS, Inc. (DELAWARE).

### SAME v. STERLING PRODUCTS, Inc. (WEST VIRGINIA).

District Court, S. D. New York.

July 20, 1942.

Gustave Simons, of New York City, for plaintiff.

Wright, Gordon, Zachry, Parlin & Cahill, of New York City (John T. Cahill and Fred J. Knauer, both of New York City, of counsel), for defendants.

GODDARD, District Judge.

The plaintiff in each of the above-entitled consolidated actions seeks a permanent injunction restraining the defendant corporations from using the word "Sterling" in their trade-names or businesses. Plaintiff also seeks damages amounting to $250,000. A preliminary injunction was denied by Bright, D. J. of this court, on January 27, 1942. D.C., 43 F.Supp. 548. Defendants now move under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, for summary judgment.

Plaintiff, Sterling Products Corporation, was incorporated in New York in 1925, although it did not begin to function under that name until 1928. There is some evidence that prior to that time and since 1914 the business was conducted by the vice-president of the plaintiff, one David B. Levy, under his own name which had attached to it the words "Sterling Products". One defendant was organized in West Virginia in 1901 as the Neuralgyline Company, which name was changed in 1917 to Sterling Products, Inc. The other defendant was incorporated in Delaware in 1932 under its present name. Shortly thereafter the stock of the West Virginia defendant, as well as the stock of the various subsidiaries owned by it, was transferred to the Delaware corporation which became a holding corporation, while the West Virginia concern continued as an operating company. It is not clearly established whether both defendants established offices in New York, although one did, presumably the Delaware Corporation.

Plaintiff contends that defendants have been gradually transferring the bulk of their business to New York and have entered into unfair competition with it to its damage. It is asserted that although the plaintiff and the West Virginia corporation are not in the same business, they are in similar businesses in that they sell drugs and surgical supplies to doctors, hospitals, etc. The West Virginia corporation denies this, contending that one hundred per cent of its business is in drugs, whereas the principal business of the plaintiff is surgical supplies and its drug business is only incidental. The Delaware corporation denies that it sells anything.

■ In denying plaintiff's motion for a preliminary injunction, Judge Bright stated in his opinion that the word "Sterling" and the words "Sterling Products" are descriptive and are not susceptible to exclusive adoption by anyone. Even if I did not accept Judge Bright's decision on this feature of the case, the affidavits submitted on this motion contain nothing in the way of additional facts to warrant my coming to a different conclusion.

■ To entitle it to exclusive use of these words, therefore, plaintiff must establish that it has acquired a secondary meaning in the particular trade. Plaintiff must demonstrate that these words have been used exclusively for many years and to such an extent that they are commonly associated with the plaintiff and plaintiff's business. R. H. Macy & Co. v. Colorado Clothing Mfg. Co., 10 Cir., 68 F.2d 690; Standard Oil Co. of New Mexico v. Standard Oil Co. of California, 10 Cir., 56 F. 2d 973.

Defendants contend that even if plaintiff were to establish that the words "Sterling Products" have a secondary meaning, the plaintiff must also establish a fraudulent and unfair use of the words by defendants to be entitled to injunctive relief. This, defendants urge, the plaintiff has failed and is unable to do and therefore defendants are entitled to dismissals of the complaints.

■ It is quite true that the use of the descriptive word "Sterling" is not susceptible of exclusive use by plaintiff, although it may have acquired a secondary meaning, and any one is entitled to make fair use of the word. It is not the mere use of the word "Sterling", but the method or manner of its use which determines the rights of the parties; in order for the plaintiff to prevail it must show that defendants make an unfair use of it. Even though plaintiff does establish a secondary meaning, this does not mean that it can, for instance, pick out from the telephone book all those concerns employing the name "Sterling"—and there are many— and restrain them from using that name. It must establish by facts that the necessary and probable tendency of defendants' conduct is to deceive the public and pass its goods off as and for those of plaintiff, although actual fraudulent intent need not be shown. Coty, Inc., v. Parfums De Grande Luxe, 2 Cir., 298 F. 865. After reading the various affidavits, it seems doubtful whether the plaintiff can establish such facts, but in any event, it is an issue that should be decided only after trial. Although it was conceded by the defendants for the purpose of this motion that the word "Sterling" or the words "Sterling Products", as used in the plaintiff's name, have acquired a secondary meaning, that fact will also have to be established at the trial.

Despite the many statements and affidavits of customers of the plaintiff to the effect that to them the words "Sterling Products" meant the plaintiff or the plaintiff's predecessor, David B. Levy, undoubtedly there are many customers of the defendants who never heard of the plaintiff and to whom the words "Sterling

Products" meant the defendants. That issue cannot be properly passed upon without a trial. These and other questions cannot be decided on the papers before me, but must be left for determination after trial.

Defendants' motions for summary judgment are denied.

Settle order on notice.