Isidor Wasservogel, Off. Ref.
This is an action for unfair competition wherein plaintiff seeks to enjoin and restrain defendants from using the words ‘ ‘ Remembrance Advertising ’ ’ and *158 “ Bemembrance ” as part of defendant’s corporate name, “ Bemembrance Advertising Products, Inc.”
Plaintiff, a foreign corporation, with principal offices in St. Paul, Minnesota, has used the words “ Bemembrance ” and “ Bemembrance Advertising ” as its trade-mark for more than 25 years. Plaintiff is engaged in the business of advertising the products of other concerns and individuals by the sale of calendars, blotters, pencils and similar goods bearing advertising matter thereon. These advertising products are distributed by customers of plaintiff as gifts to the general public. In this manner the customers ’ products are brought to the attention of the public, and advertised and remembered by those whose trade the customers solicit. The corporate defendant, a domestic corporation, organized in 1948, is engaged in the same business.
It is plaintiff’s contention that the words “ Bemembrance ” and ‘ ‘ Bemembrance Advertising ’ ’ are valid trade-marks for its products and that they have acquired secondary meaning identifying them to consumers. Plaintiff further contends that the circumstances under which the corporate defendant was organized and the manner in which it does business shows a deliberate attempt by defendants to trade upon plaintiff’s good will and to mislead customers into the belief that defendants’ products come from or are sponsored by plaintiff.
It is well established that the courts of this State have jurisdiction to enjoin unfair competition as distinguished from trade-mark infringement, even though the act complained of' consists of the infringement of a registered mark. Before a New York court of equity will grant the relief sought herein, it must, however, first be determined that such infringement results in unfair competition. In other circumstances, relief, usually, must be sought in the Federal courts.
As a general rule, trade-mark registrations only confer procedural advantages and do not enlarge the registrant’s substantive rights. (Kaufman & Ruderman v. Cohn & Rosenberger, 86 F. Supp. 867, affd. 177 F. 2d 849; Maternally Yours v. Your Maternity Shop, 89 F. Supp. 167; Academy Award Prods. v. Bulova Watch Co., 90 F. Supp. 12.) Likewise, the first use of a specific name or description does not give to the first user a power to prevent the employment of such name or description by others. (Federal Tel. & Radio Corp. v. Federal Tel. Corp., 180 F. 2d 250; Jordan Sulphur Springs & Mud Bath Sanitarium Co. v. Mudbaden Sulphur Springs Co., 135 Minn. 123.) Furthermore, it is an established rule of law that words in common use, which by nature are descriptive and characterize the business or trade to which it pertains, rather than its origin or *159 proprietorship, are not subject to exclusive appropriation. (Buffalo Typewriter Exch. v. McGarl, 240 N. Y. 113, 117; Cooke & Cobb Co. v. Miller, 53 App. Div. 120, 121, affd. 169 N. Y. 475; Car Adv. Co. v. New York City Car Adv. Co., 57 Misc. 105, affd. 123 App. Div. 926.)
An examination of the evidence adduced upon the trial on behalf of plaintiff shows that the words ‘ ‘ Remembrance ’ ’ and “■ Remembrance Advertising,” as affixed upon its samples, products and stationery, are purely descriptive and characterize the business in which it engages. In addition to such words, other words are employed by plaintiff which likewise are descriptive of its business. Plaintiff’s letterhead contains the slogan 1 ‘ Basic Advertising Ideas Through Remembrance Advertising. ’ ’ The cartons in which it ships its goods bear the statement i 1 Remembrance Advertising, Basic Advertising Idea. ” It is apparent, therefore, that plaintiff’s use of its trade-mark is merely for the purpose of indicating- to its customers and prospective purchasers that its business is an advertising medium which will cause the ultimate consumer to ‘ ‘ remember ” the product sold by the customer.
Plaintiff’s contention that the words in issue have acquired a secondary meaning cannot be sustained. Cbncededly, descriptive words in combination may acquire a secondary meaning which is associated with the product of a merchant. Descriptive or generic words, however, do not attain such secondary meaning unless they are used to indicate the origin of the goods. (Kellogg Co. v. National Biscuit Co., 305 U. S. 111, 118; 1 Nims, Unfair Competition & Trade-Marks [4th ed.], p. 167.) In the instant action the trade-mark, although used by plaintiff on its stationery and certain of its advertising matter, does not appear upon any of the products sold by plaintiff to its customers which they in turn use as their advertising medium. The only identification of plaintiff which is on products received by the customers and general public is plaintiff’s corporate name “ Brown & Bigelow.” Thus, there is no association of the words “ Remembrance ” or “ Remembrance Advertising ” with the products distributed by plaintiff’s customers. In fact plaintiff’s corporate name generally appears in much larger type than the trade-mark where both are used together.
Upon the evidence before me, I hold that plaintiff’s use of the words “ Remembrance ” and “ Remembrance Advertising ” is merely descriptive of the character and purpose of the business in which it, as well as the defendants and many other firms in New York and throughout the country are engaged. To grant plaintiff the relief it seeks would, in effect, stifle compe *160 titian and prevent defendants from lawfully and properly describing and advertising the nature of their business. Unlike the cases cited by plaintiff, this is not an action where a plaintiff has coined a generic or descriptive phrase connoting the origin of its business. The words in issue have not only been used by the parties to this action but, as shown by the evidence adduced by defendants, have been in long and constant use by persons engaged in similar enterprises and are recognized in the advertising field as descriptive of a definite and particular type and medium of advertisement.
There is nothing in the record to warrant the conclusion that defendants have attempted to ‘ ‘ palm off ’ ’ their products as those of the plaintiff, or that plaintiff has been damaged by the use of such words in the corporate defendant’s name. Nor has plaintiff shown by a preponderance of the evidence that the use by the defendants of the words contained in plaintiff’s trademark would result in deception of the public. Likewise, plaintiff has failed to prove that the individual defendant, a former employee, presently associated with the corporate defendant, has personally engaged in any unfair competitive practices or used plaintiff’s trade secrets to plaintiff’s detriment.
For the reasons stated, the relief sought by plaintiff must be denied. (Baff v. Dog & Cat Food Prods., 259 App. Div. 923, affd. 285 N. Y. 793; Neva-Wet Corp. of America v. Never Wet Prods. Corp., 277 N. Y. 163; Best & Co. v. Miller, 67 F. Supp. 809, affd. 167 F. 2d 374; Sterling Prods. Corp. v. Sterling Prods., 45 F. Supp. 960, 961; Car. Adv. Co. v. New York City Car. Adv. Co., 57 Misc. 105, affd. 123 App. Div. 926, supra.)
Judgment is rendered for the defendants dismissing the complaint upon the merits. No costs are awarded to any of the parties. Submit decree in accordance with the foregoing within 10 days on 3 days’ notice.
The above constitutes the decision of the court as required by section 440 of the Civil Practice Act.